Graham *v.* Dixon *et al.*

---

HUGH GRAHAM, plaintiff in error, *v.* JOHN DIXON *et al.*, defendants in error.

*Error to Lee.*

Parol proof may be given of the recognition by the principal, of the acts of his agent, in purchasing a tract of land, where the agreement in relation to the purchase was signed by the agent, under seal, and the plaintiff seeks to recover upon a promise recognising the acts of the agent, and agreeing to pay the purchase money.

A defendant cannot assign for error, an immaterial issue tendered by himself.

Where, in an action of debt, an agreement, under seal, is set out as inducement to the undertaking upon which the suit is brought, a plea denying the execution of the agreement, may be treated as a nullity, and judgment may be rendered for the plaintiff, for want of a plea.

Nothing is to be presumed against a judgment; but the inference is, that it is right, until the contrary appears, and it will not be disturbed, unless for error manifestly apparent.

THIS cause was heard in the Court below, at the April term, 1840, before the Hon. Dan Stone. Judgment was rendered for the plaintiffs for $1721, and the defendant brought the cause to this Court, by writ of error.

E. D. BAKER and B. S. EDWARDS, for the plaintiff in error, cited 12 Wend. 525; Breese 172; 7 Cowen 453.

O. PETERS, for the defendants in error, cited Sims *v.* Hugsby,

(1) 8 Peters 244; 12 Peters 11; 1 Peters' Cond. R. 539.

Breese's App. 27 ; Bigelow's Dig. 150 ; 1 Taunt. 523 ; Damon *v.* Granby, 2 Pick. 345 ; N. E. M. Ins. Co. *v.* De Wolf, 8 Pick. 56 ; 1 Sug. Vend. and P. 234 ; 1 Chit. Plead. 422, 413, note ; 8 Johns. 83 ; Mears *v.* Morrison, Breese 172 ; 1 Chit. Plead. 37 ; Breese 14 ; Ross *v.* Redick, 1 Scam. 73 ; R. L. 64, § 6 ; 1 Chit. Plead. 413, 450 ; Voorhees *v.* U. S. Bank, 10 Peters 472 ; Nugent *v.* Riley, 1 Metcalf 121 ; Bancroft *et al. v.* Sweet, 1 Metcalf 231 ; Gale's Stat. 49.

SMITH, Justice, delivered the opinion of the (old) Court :

The exceptions taken on the trial of this cause, in the Circuit Court, with grounds of erroneous pleading, form the basis of the errors assigned, and are urged as cause for reversal of the judgment.

To understand more clearly the character of those exceptions, which relate to the introduction of parol evidence, it will be necessary to recur to the pleadings.

The declaration recites that a certain contract was made between the plaintiff in error, and the defendants in error, under their hands and seals, through the medium of an agent, under his hand and seal, on the part of the plaintiff in error, for the purchase and sale of certain claims to certain tracts of land. The contract is set forth in substance, its terms being definitely described ; and was signed by the defendants in error, and by " Wm. Graham, agent." The declaration further avers, that the plaintiff in error recognised the acts of such agent, in the purchase of the claims, and ratified them, and took possession of the lands, under the agreement thus concluded, and agreed to comply with the terms and conditions of the purchase. It will readily be perceived, that so far as the written contract is described, it is rather set out by way of inducement to the promise to pay the debt claimed, than otherwise, though there is some ambiguity in the phraseology used, and the design of the pleader. That it was intended as mere inducement, may, we think, be fairly inferred from the general tenor of the count.

There is also a count for money had and received to the use of the plaintiff.

To the first count, the defendant pleaded *non est factum*, and made no reply to the second count.

The plea of *non est factum* was evidently interposed, on the supposition that the action was founded on the written agreement, and was erroneously pleaded, oyer not having been craved of the instrument, nor was the instrument set out in the plea. Upon this state of pleadings, the parties submitted themselves for trial, before the judge, dispensing with a jury. On this hearing, it appears, from the bill of exceptions, that the plaintiffs in the Circuit Court, were about proving the signature of the parties to the agreement referred to in the declaration, and having proved that of the plaintiffs, were about proceeding to prove the acts and declarations of the defendant recognising the authority of the agent, who signed the agree-

ment, for the defendant, which was objected to by the defendant, on the ground that parol evidence of the authority of the agent to sign the agreement, was inadmissible, in a case like the present; which objection was overruled, and the decision excepted to by the defendant. It does not appear what other evidence was received in the cause ; nor is it stated that this was the whole evidence, nor that the written agreement was admitted in evidence.

Upon the whole case, the judge gave judgment for the plaintiffs, and it is now contended; first, that the Court erred in the admission of the evidence objected to ; and, secondly, that there was no issue in the cause, but an immaterial one, on the plea of *non est factum ;* and, therefore, the judgment is erroneous ; and that one count was unanswered.

On the first point of exception, it would be difficult to determine what the Court decided, unless, indeed, it was that parol evidence might be given of the recognition by the defendant, of the acts of the agent, to which we see no objection, in a case where the party seeks to recover on a promise recognising the acts of an agent, and agreeing to be bound thereby, and to pay the stipulated sum ; the original contract and benefit derived therefrom being laid as the inducement to, and consideration for the promise.

This doctrine was recognised by this Court, in the case of Mears *v.* Morrison ; (1) but there is, really, no point arising out of the bill of exceptions, for, whether such evidence as the judge decided, was admissible, was ever received, or if so, what its character was, does not appear. If evidence of an improper character was received, the bill of exceptions does not show it, nor can we ascertain from the bill, that the defendant has suffered any injury from the decision. It is, therefore, impossible to determine that the decision was erroneous, or that the defendant has been prejudiced thereby. On the second ground of the immateriality of the issue, it is to be remarked, that this issue was tendered by the defendant himself, and it is an act of his own mispleading, and he ought not to be permitted to take advantage of it, to the prejudice of the plaintiffs, after trial had. The plaintiffs might have treated the plea as a nullity, and taken judgment for want of a plea, as in the case of a sham plea.

Had a verdict been rendered for the defendant, under this issue, it being an immaterial one, the plaintiffs would still have been entitled to a judgment *non obstante verdicto,* and if so, why should the Court now disturb a judgment which must be presumed to have been rightly rendered, after a hearing on the merits ? Nothing is to be presumed against a judgment, but the inference is, that it is right, until the contrary appears, and it will not be disturbed, unless for error, manifestly apparent.

On the money count there was no issue, no plea having been

(1) Breese 172.

interposed to this count ; for this neglect, the plaintiffs were entitled to judgment by default ; but such a judgment does not appear to have been taken.    Will the nonjoinder of an issue on this count, or the immaterial issue justify the reversal of the judgment for such cause ?    We think not ; the statute of amendments and jeofails, has provided against any error arising from such causes, and the defendant cannot now assign either for error.

As there is no cause for a reversal arising from the mispleadings, or omission to plead to the second count of the declaration, and as no grounds are perceived under the bill of exceptions, and as the Court must have decided the case on such evidence as was given, but of which either in its character or extent, we have no means of judging, the judgment should be affirmed, with costs.

*Judgment affirmed.*