## CHARLES G. MAURO

*v.*

## WESLEY PLATT.

1. ADMISSIONS—*weight as evidence.* It is not true that, under all circumstances, admissions of a party are weak evidence; sometimes they are the strongest and most satisfactory species of evidence. It is the province of the jury to weigh such evidence, and give it the consideration to which it is entitled; and in case of a conflict the court has no right to tell the jury that an admission is a weak kind of evidence.

2. SAME. Where the authority of one to employ the plaintiff as an attorney was disputed, and the evidence on that point conflicting, and it was proved by two witnesses that they were present and heard defendant authorize the employment of plaintiff, the circuit court instructed the jury that, while it was competent for plaintiff to show the admissions and statements of defendant, as tending to show his liability, yet the law regards such admissions as a weak kind of evidence: *Held*, that the instruction was erroneous, because the testimony was not of admissions, but of an important fact, and in such a case it was for the jury alone to determine the weight of the evidence.

APPEAL from the Circuit Court of Morgan County; the Hon. C. D. HODGES, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for the appellant.

Messrs. BROWN & EPLER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, for services as an attorney and counselor at law in the defense of John Platt, charged with a felony, and tried and acquitted in the criminal court of the city of St. Louis.

It was in proof by John B. Higdon, another attorney of that court, that he was employed by John Platt to defend him, and that his brother, Wesley Platt, the appellee herein, authorized him to employ appellant to assist him in the defense. Under that authority he employed appellant, he having fully stated to appellee the reasons why he wished appellant to be associated with him. Appellee told him to get him, by all means; appellant made a successful defense for John Platt, and, on failure of appellee to pay him, brought this suit.

Both John Platt and Wesley Platt contradict Higdon, and testify they nor either of them ever authorized or requested him to employ appellant.

John Kinsella, a witness for appellant, testified he was present on a certain occasion, and does not know appellee employed appellant in person to defend his brother, but he does know that he authorized John B. Higdon to employ him. Higdon's health was bad at the time.

Appellant testified he was employed by Higdon, he professing to act by express authority of appellee.

Lawrence, the magistrate before whom John Platt was brought, testified that appellee in his presence authorized Higdon to retain appellant, and that he would pay the bill; that others had recommended Madill, but Higdon preferred appellant; that appellee instructed Higdon to employ such counsel to defend his brother, and that he would pay for the services.

Under this state of the evidence the court, at the instance of appellee, gave the jury this instruction:

"The court instructs the jury, for the defendant, that while

it is competent for the plaintiff to introduce in evidence the admissions and statements of the defendant in this case tending to show his liability to the plaintiff, yet the law also regards such admissions as a weak kind of evidence, owing to the liability of persons testifying to admissions to be mistaken, or misunderstand the statements of such person whose admissions are offered as evidence."

The evidence, as it stood, and it was legitimate evidence, slightly preponderated in favor of appellant. For the court to tell the jury that his evidence consisted of admissions of defendant, and was weak evidence, was wrong; for, in the first place, the witnesses did not testify to admissions, but to a fact, and an important one, and that was the authority given by appellee to Higdon to employ appellant as counsel in the cause.

The court, in this instruction, perverted the evidence, or, rather, misnamed it, and then told the jury it was weak evidence. It by no means is true that, under all circumstances, admissions are weak evidence. Sometimes they are the strongest and most satisfactory species of evidence. It is the peculiar province of the jury to weigh the evidence, and give to it the consideration to which it is entitled. Where it is conflicting, it is not proper for the court to throw its weight against one of the parties by telling the jury his evidence is weak. By so doing, the province of the jury is invaded, and, if exception is taken, must reverse the judgment. *Frizzell* v. *Cole*, 42 Ill. 362.

For this error the judgment is reversed and the cause remanded.

*Judgment reversed.*