## William F. Mayer v. Mary L. C. C. Schneider.

1. APPEALS—*From Probate Court—Controlled by Statute.*—The procedure upon an appeal from the Probate to the Circuit Court is controlled by the statute regulating appeals from judgments of justices of the peace to the Circuit Court. The statute provides that a transcript of the judgment and proceedings, together with the appearance of the appellee, must be filed ten days before the first day of the term at which the case is to be tried. Unless there is such a transcript as the statute contemplates and defines on file ten days before the beginning of the term, the court has neither power to try the case nor dismiss the appeal. All the court can do under such circumstances is to permit the appellee to file such a transcript as the law requires, enter a rule upon the appellant to refund the cost thereof, and upon failure to comply with the rule to dismiss the appeal.

2. PRACTICE — *Error to Deny an Appellee a Continuance When Appellant Does Not File Transcript in Time.*—It is reversible error to deny an appellee a continuance when the appellant has failed to file a statutory transcript within ten days before the beginning of the term.

Appeal from Probate.— Appeal from the Circuit Court of La Salle County; the Hon. HARVEY M. TRIMBLE, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed January 27, 1903.

JOHN F. HAAS, attorney for appellant; FRANK E. HAYNER, of counsel.

J. H. FOWLER and LINCOLN & STEAD, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Mary L. C. C. Schneider filed two claims in the Probate Court of La Salle County against the estate of her deceased sister, Bertha C. C. Schneider, for caring for the latter during the last five years of her lifetime and for money advanced. The claim was allowed by the Probate Court and William F. Mayer, a brother, who was interested in the estate, appealed from the allowance of the claims to the Circuit Court where the two claims were consolidated for trial. A trial by jury in the Circuit Court resulted in a verdict and judgment in favor of the claimant for $7,494 from which judgment the said Mayer prosecuted this appeal.

It is urged, first, that the evidence did not warrant the allowance of the claims and that the judgment of the Circuit Court should be reversed upon the merits; and secondly, that the Circuit Court erred in denying appellant's application for a continuance. In the view we take of the case it is unnecessary and perhaps improper to discuss the merits of the case, as it will have to be submitted to another jury. Counsel upon both sides agree that the procedure upon an appeal from the Probate to the Circuit Court is controlled by the statute regulating appeals from judgments of justices of the peace to the Circuit Court. That statute provides that a transcript of the judgment and proceedings, together with the appearance of the appellee, must be filed ten days before the first day of the term at which the case is to be tried. The only transcript originally filed in this case was one of the order for appeal from the Probate to the Circuit Court, together with a certification of the appeal bond. It did not contain or purport to be a transcript of the judgment, nor did it recite that any judgment had been rendered; and the record fails to show that the appellee had an appearance on file ten days before the first day of the term.

The appellee filed a complete transcript during the term. The appellant moved to continue because of the

want of the transcript as required by law. The court overruled the motion and appellant excepted to the ruling and this action of the court is assigned as error. We think the action of the trial court in denying the motion to continue was reversible error. The law seems to be well settled that unless there is such a transcript as the statute contemplates and defines on file ten days before the beginning of the term the court has neither power to try the case nor dismiss the appeal. All the court can do under such circumstances is to permit the appellee to file such a transcript as the law requires, enter a rule upon the appellant to refund the cost thereof, and upon failure to comply with the rule to dismiss the appeal. We hold that the transcript not being on file and the appearance of the appellee not being filed ten days before the first day of the term the court erred in refusing to continue the case. For the error indicated the judgment of the Circuit Court will be reversed and the cause remanded.