## Home Guardian of America v. Retta H. Holt.

1. APPELLATE COURT PRACTICE—*Party Bringing Cause to This Court Must Furnish a Complete Abstract.*—A party bringing a cause into this court must furnish a complete abstract or abridgment of the record; such an abstract as will fully present every error and exception relied upon, and sufficient for the examination and determination of the case without the examination of the written record.

2. SAME—*Where Counsel Does Not State What He Intends to Prove*

*by the Answer of a Question Objected to.*—Where counsel does not state what he intends to prove by an answer to a question objected to, a court of review can not determine whether there was error in sustaining the objection where the question does not disclose that the answer would be material.

Assumpsit.—Error to the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed April 21, 1903.

HENRY C. WARD, attorney for plaintiff in error.

S. N. HOOVER and RUSSELL & HAZELHURST, attorneys for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was a suit by Retta H. Holt, widow of Rufus H. Holt, deceased, against Supreme Home, Home Guardian of America, a fraternal society, upon a certificate issued by it to Rufus H. Holt, a member thereof, entitling his widow to receive from the beneficiary fund of the order the proceeds of one assessment, not exceeding $1,000, at his death. The case was tried without a jury upon an appropriate declaration, a plea of the general issue and a stipulation that defendant might introduce thereunder proof competent under any proper special plea. The record shows that plaintiff obtained a judgment for $442.19. Defendant has sued out this writ of error to reverse that judgment.

Rule 20 of this court requires the party bringing a cause here to furnish a complete abstract or abridgment of the record. The abstract in this cause shows nothing as to the judgment but this: "Judgment of court and prayer for appeal." It shows nothing as to the recitals of the bill of exceptions concerning the finding of the court and any exception thereto but this: "Finding of court, exception, prayer for appeal." The abstract does not show what the finding was, nor who excepted thereto, nor in whose favor judgment was rendered, nor for what amount. For all the abstract shows it might have been plaintiff that excepted because she did not recover the face of the certificate. To enable defendant to avail of any objection here argued it

is essential that it appear it excepted to the finding of the court. The defense argued is that in a written application for this certificate Holt made untrue statements, and that these statements were warranties and their untruth avoided the certificate. All the abstract contains of this application on which the defense was entirely based, is this: "Defendant's exhibit A, application upon which exhibit 1 was based." The application is not set out in the abstract, nor even a summary of its contents given. One item of proof which it is argued tends to show the falsity of said statements was a prior written application by Holt to another society and its rejection. All the abstract shows of this evidence is this: "Defendant's exhibit B, rejected application of plaintiff's intestate in Yeomen of America." The abstract does not show what the application was for, nor when it was made, nor any of its details. In other words, the documents upon which the defense is based are not abstracted. The abstract, therefore, does not show that any substantial defense was established, or that any erroneous finding against defendant was made, or excepted to by defendant, or that there is error in the record.

Our rule on this subject is similar to that in force in the Supreme Court. In City Electric Railway Co. v. Jones, 161 Ill. 47, the court said:

"Everything on which error is assigned must appear in the abstract."

In Staude v. Schumacher, 187 Ill. 187, the court said:

"The rules of this court require the party bringing a cause into this court to furnish a complete abstract or abridgment of the record, properly indexed; such an abstract as will fully present every error and exception relied upon, and sufficient for the examination and determination of the case without the examination of the written record."

In Amundson Printing Co. v. Empire Paper Co., 83 Ill. App. 440, it was said it was settled practice in this state that no judgment would be reversed for errors not appearing in the abstract, and that where, the abstract being deficient, the courts have turned to the record, it has never been to reverse, but rather to give a further reason for

Home Guardian of America v. Holt.

affirming.  We have applied the rule in Martin & Co. v.
McMurray, 74 Ill. App. 44, and Carey v. Walsh, 92 Ill. App.
89; and there are many other like decisions in the Su-
preme and Appellate courts of this state.

But as defendant supplied some of these defects in its
brief, we have looked into the record to find the statements
in the application and have considered the proof as to their
falsity.  The application said :  " Give name of companies
in which you now carry insurance and amount in each."
Holt answered, giving initials which apparently denoted
certain fraternal societies, followed by amounts aggregat-
ing $5,500.  Defendant made plaintiff his witness and
proved by her that at his death her husband held certifi-
cates in other societies, bringing the face of his certificates
up to $9,500.  But proof he had these certificates at the
time of his death was not proof that he had them at the
time he made this application.  It also appeared that at
least some of them were like the one here in suit in not
insuring for the amount named on its face.  The certificate
in suit reads " One Thousand Dollars " in large letters on
its face, but under the rules of the order it was only liable
for $442.19 thereon.  Again, some, and perhaps all of these
certificates, provided that under certain circumstances the
member could receive payments on his certificates during
his life.  The proof did not show whether Holt had received
any part of the face value of these certificates during his
life, nor that at his death, or at the date of this application,
their actual value was over $5,500.  It is not shown that
when this application was made Holt had over $5,500 of
actual insurance on his life.  In the application was this
question :  " Were you ever rejected by any life insurance
company or fraternal order for insurance ? "  Holt answered,
" No."  The defense claimed he had applied for insurance
in the Yeomen of America and had been rejected.  The
oral proof showed Holt had been a member of that society
and had ceased to be a member, and that his application
was to again become a member.  This may have been
understood by Holt as an application for reinstatement

rather than for new insurance. His written application to that body relied upon by defendant, left blank the amount of the certificate asked for, so it was not on its face an application for a certificate for any sum whatever. · The testimony of the secretary of that body showed the amount was purposely left blank, because Holt had not decided what amount he would ask for. Again, the application by Holt to the Yeomen of America was for "a life annuity certificate," and no proof was made that such a certificate in that body would be equivalent to "insurance," the subject covered by the interrogatory now under consideration. · We do not think that proof of the rejection of an application by Holt to the Yeomen of America for a life annuity certificate for a blank sum was proof of the falsity of his statement to defendant that he had not been rejected for insurance. If a life annuity certificate was insurance, it was for defendant to prove it affirmatively. It is claimed Holt's application to defendant stated he was in good health, and that this was untrue. Dr. White, who examined Holt for the Yeomen of America about a year and a quarter before Holt's death, testified he found conditions concerning the specific gravity of the urine which indicated "diabetes incipitus" and it was his opinion he then had diabetes, and that it was incurable. On the other hand, Dr. Walker, defendant's local medical examiner, who examined Holt for defendant on his application for the certificate here sued on, certified he found nothing "in appearance of tongue, skin or complexion indicating beginning tuberculosis, Bright's disease, diabetes or disease of digestive or urinary organs;" that he thought the applicant would live out the years of his expectancy, and was a first-class risk. . Plaintiff proved in rebuttal that Holt had never been sick abed during the seventeen years of his married life; that his general health was good; that he worked every day at his occupation of car builder and repairer; that he had a cold for a few days before he died, and was down town on the afternoon of the day he died. Dr. Enke testified he examined Holt the day before he died, and

found him in an exceedingly weak condition, due in his opinion to influenza, or what is commonly called " la grippe;" and that the conditions described by Dr. White might be such as could easily be overcome and only temporary in their nature. There was no proof that the conditions testified to by Dr. White, caused, or in any way contributed to Holt's death. There is nothing to show when the application to defendant was made, but Holt died less than a month after the date of the certificate. This naturally aroused the suspicion of defendant, but the proof warrants the conclusion he died of a sudden attack of "la grippe." A physician was called before Holt's death, who did not arrive till Holt was dead. The trial court held all the propositions of law requested by defendant, and the finding for plaintiff was evidently based upon the conclusion that it had not been shown by a preponderance of the proof that the statements in the application material to the risk were untrue. We are of opinion the condition of the proof would not warrant our disturbing that conclusion of fact.

In view of that conclusion we have deemed it unnecessary to discuss the question whether these statements were in fact warranties or only representations under the contract between the parties. Nor have we discussed the fact that the statement that Holt was in good health was not in answer to any question, but was contained in printed matter underneath the questions and answers, and in much finer type than the questions, and that the heading preceding this printed matter shows it was intended defendant's solicitor, who took this application, should read the printed matter to the applicant, and that there is no proof he did so.

The alleged error in sustaining an objection to a question put by defendant to Dr. White, was cured by his later answer to another question of like tenor. An objection was sustained to another question by defendant to the same witness. The question did not disclose that the answer would be material, and defendant did not state what he expected to prove by the witness. It is not, therefore, shown that it was error to sustain the objection. (Max-

well v. Habel, 92 Ill. App. 510; Nonotuck Silk Co. v. Levy, 75 Ill. App. 55; Hobbie v. Ogden, 72 Ill. App. 242; Gaffield v. Scott, 33 Ill. App. 317.) The court permitted certain questions put by defendant to be answered subject to objection, without then ruling upon the objection. Defendant did not then or afterward ask for a ruling, or preserve any exception to the course pursued by the court. No error in rulings upon evidence is made to appear.

The judgment is affirmed.