## William F. Mayer v. Mary L. C. C. Schneider.

### Gen. No. 4,297.

1. ABSTRACT—*what, should contain.* An abstract filed upon appeal should be a complete abridgment of the record "sufficient to fully present every error and exception relied upon;" a mere index of such record is not a compliance with the rule governing such abstracts, and the Appellate Court may in its discretion refuse to examine the record for errors and exceptions presented where the abstract does not sufficiently show the matter upon which they are predicated.

2. ADMINISTRATOR PRO TEM—*duties of, with respect to appeal.* While section 72 of the Administration Act authorizes the court to make another appointment upon an appeal being prosecuted in a contest in which an administrator *pro tem* has been appointed, yet until such action is taken the administrator *pro tem* is bound to follow the appeal, for he represents the entire estate and all interests therein.

3. REMOVAL OF CAUSE—*who may petition for.* A non-resident heir who, by leave of court, intervenes in the matter of a contested claim in the court of probate, cannot, where an administrator *pro tem* representing the estate is defending and does not join with him, petition for the removal of such a cause to the Federal Court.

4. TRANSCRIPT OF RECORD—*when, not properly before Appellate*

*Court.* A transcript of the trial court filed since the date when the Appellate Court took a cause for decision showing that since such time there was filed in such trial court a certified copy of a certain order of the United States Circuit Court, is not properly before the Appellate Court, and will not be considered by it in determining the merits of the appeal.

5. SERVICES PERFORMED—*when relative may recover for.* While the presumption in the first instance is that services in the capacity of a nurse rendered by one member of a family to another, are gratuitous, yet this presumption may be overcome by proof of either an express or an implied contract.

6. INSTRUCTION—*when, invades province of jury.* An instruction invades the province of the jury, and is properly refused, which tells the jury that they should receive with caution certain evidence introduced by a claimant as that kind of evidence is subject to much imperfection and possible mistake.

Contest upon claim against deceased's estate. Appeal from the Circuit Court of LaSalle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed March 14, 1904.

JOHN F. HAAS, for appellant; FRANK E. HAYNER, of counsel.

H. M. KELLY, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On November 1, 1901, Mary L. C. C. Schneider filed a claim in the Probate Court of La Salle County against the estate of her sister, Bertha C. C. Schneider, deceased, in the sum of $550, which was afterwards increased to $876 and still later to $1,050; and, also, on the same day, filed another claim against the same estate for $7,200. The claimant was administratrix of the estate, and therefore the Probate Court entered an order in each case appointing Edgar Eldredge "administrator *pro tem* of said estate, to appear and defend for said estate, in the matter of said claim, and in all things appertaining thereto." On November 26, 1901, William F. Mayer filed a paper in each of said causes, in which he stated he was an heir of deceased, and had an interest in the estate which would be affected by the allowance or rejection of the claim, and that he objected

to the claim on the ground there was nothing owing claimant. By agreement between claimant, the administrator *pro tem* and Mayer, the claims were consolidated, and there was a jury trial in which both the administrator *pro tem* and Mayer took part for the defense. Claimant had a verdict for $7,595.39 and that sum was allowed as a claim of the seventh class. Mayer perfected an appeal to the Circuit Court, where there was another jury trial, resulting in a verdict for claimant for $7,494, and a judgment for its payment in due course of administration. Mayer appealed to this court, where the judgment was reversed for reasons not affecting the merits, and the cause was remanded. Mayer v. Schneider, 106 Ill. App. 276. After the cause was redocketed in the Circuit Court, Mayer applied for a removal of the cause to the United States Circuit Court, which was denied. Mayer preserved that action of the court by bill of exceptions. Thereafter, the cause was again tried by a jury and claimant then had a verdict for $4,755, and, a motion for a new trial having been denied, claimant had a judgment for said sum and her costs against Edgar Eldredge, as administrator *pro tem* of the estate of said deceased, to be paid in due course of administration as a claim of the seventh class. This is an appeal by Mayer from that judgment, upon a bond covering only the costs of the appeal.

Appellant contends the Circuit Court erred in not removing the cause to the Federal Court. The abstract gives the pages where the motion, petition and bond of appellant, and the denial of the motion, may be found in the record. It says there was service of notice on opposing counsel, that the petition was "based on diverse citizenship," and that there was an exception to the denial of the motion. That is all the abstract presents concerning the attempted removal. It is but an index to the record on that subject. Rule 16 of the rules of practice of this court (109 Ill. App. 668) requires the party bringing a cause to this court to furnish a complete printed abstract or abridgment of the record, "sufficient to fully present every error and excep-

tion relied upon." We have enforced this rule in Martin & Co. v. McMurray, 74 Ill. App. 44, Home Guardian of America v. Holt, 108 Ill. App. 578, and other cases. The Supreme Court in enforcing a like rule in Traeger v. Mutual Building Association, 189 Ill. 314, speaking of an abstract which was but an index giving pages of the record where certain proceedings there questioned were to be found, said that it was wholly insufficient; that said proceedings should have been fully abstracted so that the court would not be required to go to the record; that for aught that appeared the case was correctly decided; and that the court would not search the record for error not pointed out in the brief and shown in the abstract. In Staude v. Schumacher, 187 Ill. 187, the court required "such an abstract as will fully present every error and exception relied upon, and suffi- cient for the examination and determination of the case without an examination of the written record." In Ad- mundson Printing Co. v. Empire Paper Co., 83 Ill. App. 440, it was said no judgment would be reversed for errors not made to appear by the abstract, and that where the courts have turned to the records in cases of defective ab- stracts it has not been to reverse, but only where it was thought advisable to give other reasons for affirming.

This abstract does not show what the petition for re- moval contained, nor that it was sufficient, nor what was relied upon as amounting to a "diverse citizenship," nor that the bond for removal was in compliance with the stat- ute, nor that the application was made in apt time, nor who excepted to the action of the court. The presumption is the court below was justified in its action. This abstract does not overcome that presumption as to the denial of the petition, or show a case was made which required the court to remove the cause. If we search this record to see whether Mayer has grounds of complaint not shown in his abstract, we must do the same in all other cases, and en- courage the practice of filing a mere index to the record in- stead of the abstract which our rules require. In a single case we might perform this labor, but if such a practice

became general, as is likely, if it is tolerated and encouraged, it would in the aggregate cast upon the members of this court a very great burden which we do not feel required to undertake. Gibler v. City of Mattoon, 167 Ill. 18.

Perhaps we ought to notice the position Mayer argues that he occupies in this case. He insists that when he appealed from the judgment of the Probate Court, the special administrator, and apparently the estate as well, dropped out of this case, and this became a suit between Mary Schneider and himself in which no one else had any interest or right to interfere. We think this untenable. The appeal bond was filed in the Probate Court, and all parties then before the court were bound to follow that appeal. Suppose the claim had been allowed in the Circuit Court for the full amount or more, or for a sum in excess of that warranted by the proof, and that Mayer had declined to contest it further. The special administrator had been directed to defend for the estate in the matter of said claims and in all things appertaining thereto. While section 72 of the Administration Act authorized the court to make another appointment upon an appeal being prosecuted, yet until such action is taken the administrator *pro tem* is bound to follow the appeal, for he represents the entire estate and all interests, while an objecting heir or other interested party only represents his own interests, and he may become discouraged or may settle his interests at a time when further defense is essential to protect the interests of others. The appeal taken in the Probate Court was just as effective to carry Edgar Eldredge, administrator *pro tem*, and the estate he represented into the Circuit Court as a defendant, as it was to carry Mary Schneider into that court as a plaintiff. The judgment of the Circuit Court here appealed from is not against Mayer, but against Edgar Eldredge as administrator *pro tem*—that is, in legal effect, against the estate. Mayer did not give an appeal bond for the payment of the judgment, but only for the costs of the appeal. There was no judgment against him. There must be two parties to a judgment. This judgment was in favor of Mary Schneider.

It was against the estate.    Therefore Mary and Mayer were not the only parties to the suit.    It was originally a suit by Mary Schneider against the estate of Bertha Schneider, deceased.    It has not changed its character because a party claiming to be interested in the result has been permitted to assist in the defense.    Mayer would have been permitted to intervene in the same way if this were a claim by some third party, and Mary Schneider were defending as administratrix.    The statute never intended that an interested party could come in and oust the administrator, whether general or special, and take the entire control of the defense into his own hands.    In our judgment it follows that a non-resident intervenor of this kind is not such a party to the suit as to give him the right to remove the cause to the Federal Court.

Appellee asserted in her brief that an application to remand this cause to the state court was then pending in the Federal Court.    Appellant replied that the record of the court below did not bear out this allegation, which is true. Since then there has been placed among our files in this case a transcript from the court below showing that on November 6, 1903, (which was since we took this case for decision) there was filed there a certified copy of an order of the United States Circuit Court for the Northern District of Illinois, Northern Division, entered on November 2, 1903, remanding this cause to the Circuit Court of LaSalle County, Illinois.    This transcript is not properly before us, and we cannot act upon it, but if such an order has been entered, that disposes of the question and appellant should no longer insist upon a reversal upon that ground, which could not avail him further.

The principal claim filed was for $7,200, for services as nurse for deceased, and for her care and maintenance during the last five years before her death.    Bertha Schneider was very seriously afflicted for many years.    She had a rupture which obliged her to wear a truss.    She suffered from spinal curvature, which made it necessary to wear a steel jacket to support her body whenever she was in an erect position.

She could not walk or even sit up without it. Her ankles were in such a condition that she walked upon the sides of her feet, and she had to wear steel braces to support her feet and ankles. She could neither put on nor take off the steel jacket or the steel braces without help, nor could she dress herself alone. She had valvular disease of the heart, caused by rheumatism. She had dropsy, producing swelling of her feet, lower limbs and abdomen. She was under the constant treatment of a physician for more than five years before she died, though she was sometimes able to go out riding by direction of her physician. For the last two years of her life she had a shortness of breath, which required her to maintain a partially erect position during sleep. For more than five years before her death she required a constant nurse and attendant by day and night. Her sister, the claimant, was her only nurse and attendant and performed these services for her by day and night for more than the five years to which her right of recovery was limited by the Statute of Limitations. There was abundance of proof that these services were worth much more than the judgment now appealed from, and none to the contrary.

The smaller claim was for certain moneys expended for deceased, part of which items were supported by proof, and not contradicted, and also for the board of deceased from the death of the mother, January 4, 1899, to the death of Bertha, April 15, 1900, which item was supported by proof and not disputed. All that was proved in defense was that claimant collected certain rents for Bertha. There is no proof that claimant appropriated these rents to her own use, or reimbursed herself out of them for the matters involved in this suit, and we are not prepared to hold that the bare fact that rents were paid to her for Bertha called upon her to account for that money in this action, especially in view of the promises made by deceased to claimant, and the admissions by deceased, testified to by the witnesses Walter Fortune and Mary Berlet, which are inconsistent with the suggestion that claimant's expenditures or care for deceased

may have been paid for by said rents. The verdict of the last jury is so much less than the sum established by claimant's undisputed proofs that it would seem that the jury made large deductions on account of said rents. The thirteenth instruction given for Mayer told the jury they could not allow claimant for any expenditures claimant had made for Bertha unless the evidence showed they were made from the separate moneys of claimant and not from the moneys of Bertha. The fourteenth instruction given for Mayer was of a similar tenor.

Appellant argues that the family relation existing between Mary and Bertha is a complete defense. The presumption is parties so related do not contemplate the payment of wages for services rendered. This presumption may be overcome by proof of either an express or an implied contract; and the implied contract may be proven by circumstances which show that both parties, at the time the services were rendered, intended pecuniary recompense other than that arising out of the family relation. Heffron v. Brown, 155 Ill. 322. Both an express contract to pay Mary for her services to and care of Bertha, and admissions from which a contract might be implied were amply shown by the witnesses Fortune and Berlet, by conversations they heard between Bertha and Mary and by conversations they had with Bertha when Mary was absent. It is worthy of note that it appears from the proof that Bertha and Mary supposed they were the only children of their mother, and on that account concluded it was unnecessary for Bertha to make a will; that after Bertha died an order was entered in the Probate Court finding Mary her sole heir, and that the advent of Mayer claiming to be her brother was evidently unexpected. An order was afterwards entered finding Mayer a co-heir. Appellee says an appeal therefrom was taken and that it is still pending, and that Mayer's heirship is still disputed. Appellant replies truly that this record does not show it.

Appellant complains of the refusal of instructions numbered three and four offered by him. The third said the

jury should receive with caution certain evidence introduced by claimant as that kind of evidence is subject to much imperfection and possible mistake.    This invaded the province of the jury.   Mauro v. Platt, 62 Ill. 450.   The fourth would have left the jury to understand that the presumption that no compensation was intended for services rendered within the circle of the family, is a conclusive presumption.    The fifth and sixth instructions given for appellant stated the law on this subject correctly.

We have discussed the merits of the case under the proofs, as if the action of the court in overruling appellant's motion for a new trial had been assigned for error, but there is no such assignment upon the record.   We find no error shown in the abstract and argued in the briefs.

The judgment is therefore affirmed.

*Affirmed.*