## J. R. Challacombe, Appellee, v. Commissioners of Highways, Central Township, Appellants.

1. APPEALS AND ERRORS—*effect of defective abstract.* In the Fourth District if the abstract contains no exception to the judgment and no assignment of errors, it is discretionary with the court whether it examine the record for errors and exceptions.

2. APPEALS AND ERRORS—*powers of commissioners of highways.* Commissioners of highways have no powers and can exercise none except those conferred by statute. Their only guide in the performance of their duties is the statute and the only powers they can exercise must be conferred by law.

3. ROADS AND BRIDGES—*when commissioners not liable in assumpsit for construction of bridge.* If the notice required by statute for the letting of the contract was not given, the contract made for the construction of a bridge is void, such omission being more than a mere irregularity, and the fact that the bridge was completed and went into use by the public is immaterial, it appearing that the commissioners had not accepted the same.

Assumpsit. Appeal from the Circuit Court of Bond county; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court at the October term, 1910. Reversed. Opinion filed April 15, 1911. Rehearing denied May 19, 1911.

J. H. ALLIO and C. E. COOK, for appellant.

GEORGE T. TURNER and LANE & COOPER, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

The abstract of the record fails to comply with rule 23 of this court which requires a complete indexed abridgment of the record. There appears in the abstract no exception to the judgment nor assignment of the errors relied on for a reversal, and this court might in its discretion well refuse to examine the record for errors and exceptions. Mayer v. Schneider, 112 Ill. App. 628.

On turning to the transcript of the record, however,

we find the exception to the judgment preserved and among the alleged errors well assigned is the one that the court erred in rendering judgment for any amount against the appellants. The action brought by the appellee was in *assumpsit* and upon the trial a jury was waived and the court found the issues for the appellee and assessed his damages at the sum of $597.93 and costs and gave him a judgment.

The material and undisputed facts appearing were, that appellee on March 9, 1908, entered into a written contract with the Commissioners of Highways of Central Township to construct a bridge on a public highway of the township for which the Commissioners agreed to pay him the sum of $530 cash on completion, or add seven per cent. Appellee proceeded under his agreement to construct the bridge and did complete it according to the agreement after which it was and has continued to be traveled by the public although the Commissioners have not formally accepted it.

No notice of the letting of the contract was given, of which fact the appellee at the time of the letting had notice.

Section 25, Chapter 121, Revised Statutes, provides: "The Commissioners are hereby authorized to contract for the construction and repairing of roads and bridges but when such contracts are for a sum exceeding seventy-five dollars, they shall give at least ten days' notice of the time and place of letting such contract, by posting notices in at least ten public places, in and contiguous to the town, describing the work and time of completion. *Provided,* in case where bridges have been suddenly destroyed on any important highway then such Commissioners may privately contract for replacing such bridge to an amount not exceeding one hundred and fifty dollars."

It is elementary that highway officers have in general only such powers as are conferred by statute. Am. & Eng. Ency., Vol. 15, p. 410.

"It is a plain proposition that the highway com-

missioners have no powers except those conferred by the statute and that they can perform no acts or impose no burdens except those plainly authorized by the statute, and when they undertake to perform any act which the statute does not say they may do, that act will be void." O. & M. Ry. Co. v. The People ex rel., 123 Ill. 648, 650.

The Commissioners have no powers and can exercise none except those conferred by statute. Their only guide in the performance of their duties is the statute and the only powers they can exercise must be conferred by law. Brauns v. Town of Peoria, 82 Ill. 13.

"Contract obligations can be imposed by them on the municipality only so far as they are expressly authorized to incur such obligations or as such power is necessarily incident to the grant of other powers * * * and if the statute provides that a contract for work shall be made in a particular manner as by letting it to the highest bidder a failure to comply therewith renders the contract void." Am. & Eng. Ency., Vol. 15, 411.

"Where the charter or incorporating act requires the officers of the city to award *contracts to the lowest bidder* a contract made in violation of its requirements is illegal and in an action brought on such contract for the work the city may plead its illegality in defense." Dillon Mun. Corp., Vol. 1, Par. 466.

It is argued the failure to advertise for bidders as required by the statute is an irregularity, and that the public having used and enjoyed the bridge the town should pay for what it would have had to pay had it been gotten in the right way; that after receiving the benefit it should be estopped from denying the validity of the contract.

The Commissioners of Highways have no power to contract for the building of bridges except the power conferred by the statute, and they have no power to contract in any manner other than is provided by the statute.

This is not a case where the Commissioners have power to do the particular thing but do it in a way it is not authorized to be done as was the case in E. St. Louis v. E. St. L. G. L. & C. Co., 98 Ill. 415, cited by counsel, where no power was given by the charter of a city to contract for gas for a period of thirty years yet it had power to contract for gas, and the contract was not in violation of any provision of its charter nor of any statute prohibiting it. There was no element of illegality in the contract but simply a defect of power (to contract for thirty years) and it was held the City should pay for the gas it used. To the same effect is the case of I. C. R. R. Co. v. Road Dist. No. 1, 119 Ill. App. 251.

Badger et al. v. Inlet Drainage Dist., 141 Ill. 540, holds in effect that where the Commissioners make a void contract for the removal of a dam the fact that they may after the work is completed avail of the removal and enjoy the benefit will not estop them from denying the validity of the contract.

That the contract in this case having been entered into without giving the notice required by the statute was void seems clear. To hold otherwise would be to ignore the requirements which for many reasons that might be suggested should be strictly obeyed. The contract being void there was no estoppel arising from the use of the bridge.

The finding and judgment of the Circuit Court was erroneous and will be reversed.

*Reversed.*

Finding of facts. We find that at the time the contract was entered into the highway commissioners had given no notice of the time and place of letting such contract by posting any notices whatever, of which fact appellee had notice, and that said contract was void.