# Frank Kieshkowski, Appellee, v. H. Bostrom, Appellant.

## Gen. No. 17,525.

1. APPEALS AND ERRORS—*burden of proving error.* The burden of proving error is on the party who avers it since nothing is to be presumed against a judgment.

2. APPEALS AND ERRORS—*where appellant does not furnish complete abstract.* Where abstract furnished by appellant does not by his own showing, contain all the evidence necessary to the determination of a question assigned as error, the court will presume that the record evidence, if completely abstracted, would sustain the judgment.

3. APPEALS AND ERRORS—*appellant required to furnish abstract.* Appellant is required to furnish a complete abstract showing everything necessary to ·a determination of the questions involved on appeal.

4. AGENCY—*where son of defendant drives wagon.* Where defendant, in the teaming and express business, permits his son to drive a wagon in the transaction of that business, and plaintiff is injured through negligent driving of the son, the jury is justified in finding defendant guilty under a declaration with proper averments.

5. ROADS AND BRIDGES—*what is sufficient to warrant jury in finding plaintiff not guilty of contributory negligence.* Where plaintiff is injured from being struck by defendant's wagon, evidence that before attempting to cross the street he looked across the street and to the south, is sufficient evidence to show he was free from contributory negligence where it appears the wagon was coming from the north on the left side of the street.

6. PLEADING—*general issue does not put in issue capacity in which defendant is sued.* In a personal injury action where plaintiff was struck by defendant's wagon, driven by his son, a plea of general issue does not permit him to deny the alleged relation of master and servant.

7. PLEADING—*when averment of agency need not be supported by positive proof.* In a personal injury action where plaintiff was struck by defendant's wagon driven by his son, the relationship of defendant and his driver need not be supported by positive proof by plaintiff where defendant pleads only the general issue.

8. PLEADING—*when defendant is not entitled to make special plea.* Defendant is not entitled to make a special defense where he has neglected to plead it until after the statute of limitations has run against a new action.

Appeal from Circuit Court of Cook county; the Hon. THOMAS
G. WINDES, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1911. Affirmed. Opinion filed April 30, 1913.

O. C. PETERSON, for appellant.

J. W. SUTTON, for appellee.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

March 26, 1904, Frank Kieshkowski was struck by the shafts or the wheels of a light express wagon coming from the north on Dickson Street, Chicago, while he was attempting to cross that street from the east to the west and about midway between Division and Blackhawk streets. The wagon and the horse hitched thereto was the property of H. Bostrom, appellant, and was driven by his minor son, then about fifteen years old, in response to a telephone message sent by a customer to appellant's residence to go to the customer's place of business and get a bill for some lumber. Appellee was knocked down about four feet from the east curb and sustained bodily injuries by reason of which he was unable to work for some time thereafter. Appellee brought this suit against appellant to recover the damages by him thus sustained and charged in his declaration that the driver of the horse and wagon was a servant of appellant, and that appellee was injured by reason of the negligence of appellant by his driver and servant and while appellee was in the exercise of reasonable care for his safety. On the second trial of the cause a verdict and judgment were rendered against appellant in the sum of $700 and from that judgment this appeal is prosecuted.

Appellant's argument is prefaced by the following statement:

"At the outset, appellant admits that the accident occurred from which the appellee was injured and suffered damages; and therefore no attempt has been

made to abstract the testimony of the doctor or the plaintiff in reference thereto. It is further admitted that if the appellant is legally liable for the injuries sustained, the verdict is not excessive; appellant, however, contends that the plaintiff below failed to show that he was free from contributory negligence; * * * and that, therefore, the trial court should, at the end of plaintiff's evidence, have sustained the defendant's motion to instruct the jury to find for the defendant.''

The burden is always upon the party who avers error to make the same appear affirmatively. Nothing is to be presumed against a judgment. The error, if any is charged, must be definitely shown. Chicago & A. R. Co. v. American Strawboard Co., 190 Ill. 268; Graham v. Dixon, 4 Ill. (3 Scam.) 115.

Appellant is required to furnish a complete abstract showing everything necessary to a determination of the questions involved on appeal. The Appellate Court will not examine the transcript for evidence to reverse a judgment, and where it affirmatively appears by the appellant's own showing that all the evidence bearing upon a question or matter assigned as error is not abstracted, the court will presume that the record evidence, if completely abstracted, would sustain the judgment. Mayer v. Schneider, 112 Ill. App. 628; Gage v. City of Chicago, 211 Ill. 109.

This court would be warranted from the said prelude of appellant's argument in the conclusion that he has omitted from the abstract evidence of appellee that bears directly upon the happenings or acts of the appellee and appellant's son that caused the injury, and, therefore, that all the evidence bearing upon the question of appellee's contributory negligence does not appear in the abstract. Aside from this view, however, the evidence that appears in the abstract is sufficient in our judgment to warrant the jury in their finding that appellee was not guilty of contributory negligence. The evidence shows, as appellant says, that appellee ''first looked directly across the street, then south; then while about four feet from the east curb of the

street, he was struck by the shafts or the wheels of a light express wagon coming from the north, driven by the defendant's son.'' Appellee could not be held to assume that he was or would be in danger of being struck by a driver coming from the north on the left side of the street. Drivers, if they observe the law of the road or the street, drive on the right side of the street. The testimony of the driver is to the effect that he was driving south on the right side of the street and behind two other large cooperage wagons being driven abreast on that side of the street, and that he passed them on the left going about six miles an hour to head them and to again pass to the right side of the street, and that he did not know he had struck appellee until he was told so by a man after he had passed the two wagons about one hundred feet. The son of appellee testified that he saw his father injured and that appellant's son drove in a fast gallop behind the large wagons and cut right across the street to the left and struck appellee just as he was stepping off the curb and knocked him into the gutter. This evidence also clearly establishes negligent and wreckless conduct of the driver.

Appellant testified on the trial, in substance, that he was away from home the day appellee was injured and that his son had no authority from him at the time to drive the horse and wagon, and that he at all times theretofore had expressly forbidden his son to use or drive the horse and wagon, and did not then remember that he had ever authorized him to do so. Appellant further insists, therefore, that he is not liable in this case, because the evidence fails to show that the relation of master and servant existed between himself and his son at the time of the injury to appellee, as averred in the declaration. The evidence does establish clearly that appellant was the owner of the horse and wagon and that he was in the ''teaming and express business,'' and that his son was engaged in the transaction of that business for his father at

the time of appellee's injury. Appellant's said son testified that he sometimes drove a horse for his father, but not frequently, and only when his father told him to do so, and while seated with his father on the wagon; that he once had a horse out alone about two months before the accident, and that he generally rode in the wagon with his father, and would sit in the wagon while his father would transact the business at the stores and other places. He further testified that on the day in question he was doing odd chores around the house and was acting under orders from his mother; that he answered the telephone call of A. J. Johnson & Co., cabinet makers that "we were doing hauling for at that time," and that he took the horse and wagon and drove to the cabinet makers' in answer to their call; that he saw his father that evening, but did not tell him about taking the horse and wagon, until eight or ten days thereafter when his father spoke about it to him. His father further testified that he did not hear of appellee's injury until about one week thereafter, when appellee complained to him about his being run over. The evidence does not disclose that appellant ever chastised or reprimanded the boy for driving the horse and wagon on that occasion, or that he ever intimated to any one that his son was not authorized or directed by himself to drive the horse and wagon until after appellant heard of appellee's injury. It is singular that the son never told his father of the unusual circumstance, if it was unusual, of his driving the horse and wagon until questioned about it by his father ten days thereafter. It is equally singular that his father had not sooner found out that his son had so transacted that business for him, considering that it was the obtaining of a bill for lumber to be hauled by appellant. A jury would be warranted in finding the defendant guilty under a declaration with proper averments. 31 Cyclopedia of Law & Procedure, 1582; Moir v. Hopkins, 16 Ill. 313.

Under the late decisions of our Supreme Court ap-

pellant is not in a position to deny his alleged relation to his son of master and servant, as he only pleaded the general issue. "The general issue alone does not put in issue either the character in which the plaintiff sues or the character or capacity in which the defendant is sued." By filing only the general issue appellant impliedly admitted that at the time of the alleged injury he was the owner of the horse and wagon in question and that the driver thereof was his servant. Pennsylvania Co. v. Chapman, 220 Ill. 428; Chicago Union Traction Co. v. Jerka, 227 Ill. 95; Winn v. Cleveland C., C. & St. L. R. Co., 239 Ill. 132.

This is not a case of a servant suing the master with the burden upon him of introducing evidence proving that relation, as held in Condon v. Schoenfeld, 214 Ill. 226, and Carr v. U. S. Silica Co., 153 Ill. App. 511. The relationship of appellant and his driver was a mere matter of inducement peculiarly within the knowledge of appellant, and which was not necessary to be supported by positive proof by appellee under the general issue. As said by the court in Chicago Union Traction. Co. v. Jerka, *supra,* "If a plaintiff is afforded timely notice by a special plea that the want of ownership" or the want of defendant's relation with the party handling the instrumentalities "is relied upon as a defense, the plaintiff will have an opportunity of making investigation, and if he ascertains that he has sued the wrong party," or the right party in the wrong capacity," "he may, before the Statute of Limitations becomes a defense, bring his suit against the party that is, in fact, liable."

The statute of limitations was a bar to any new suit when the second trial was begun in November, 1910. The defendant is not entitled to make its said special defense after failing to specially plead it, as required under the well established law of this state.

The judgment is, therefore, affirmed.

*Judgment affirmed.*