## THE CHICAGO UNION TRACTION COMPANY
### *v.*
### JOHN JERKA.

*Opinion filed April 18, 1907.*

PLEADING—*ownership of a street car which caused injury must be put in issue by special plea.* In an action against a street railroad company for injuries to a teamster, occasioned by a car leaving the track and striking the plaintiff's wagon, allegations relating to the defendant's ownership of the road and cars are matters of mere inducement, which do not require proof on the part of the plaintiff unless they are denied by a special plea. (*Pennsylvania Co.* v. *Chapman,* 220 Ill. 428, followed.)

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding.

JOHN A. ROSE, and ALBERT M. CROSS, (W. W. GURLEY, of counsel,) for appellant.

S. P. DOUTHART, and WALTER A. BRENDECKE, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an action on the case brought by appellee in the superior court of Cook county, against appellant, to recover damages for personal injuries. On the trial the jury returned a verdict for $5000 in favor of appellee, who remitted $1500. Motions by the appellant for a new trial and in arrest of judgment having been overruled, the court entered a judgment in favor of appellee and against appellant for $3500. On appeal the Branch Appellate Court for the First District affirmed the judgment, and by its further appeal appellant brings the record to this court for review.

The declaration consisted of one count, and alleged that on July 5, 1902, appellant owned and operated a certain street railway, together with the tracks and other appur-

tenances thereunto belonging, on Elston avenue, in the city of Chicago, and divers other streets in said city; that the appellee was riding upon a certain wagon drawn by two horses, which he was driving along the east car track of said appellant, going north, at a point, to-wit, twenty-five feet south of where Division street intersects Elston avenue; that appellant was then and there possessed of a certain car and trailer under the care and management of a motorman, conductor, drivers and servants of appellant, going south along the west track; that appellant, by its servants, so carelessly, negligently and improperly drove, operated and managed said electric car and trailer thereto attached, that by said carelessness the trailer of said train jumped the track upon and against appellee's wagon with great force and violence, thereby injuring him. Appellant pleaded the general issue only.

The evidence fairly tends to show that the injury occurred in the manner alleged in the declaration.

Appellant's contention is, that the injury was not occasioned by its car but by a car belonging to the Chicago Consolidated Traction Company, and insists that under the general issue the burden of showing that the injury was occasioned by appellant's car was cast upon the appellee. Appellee contends that by pleading the general issue appellant admitted that it owned and operated the road and ran the car in question; that that contention has not been waived; that evidence introduced by appellee shows that appellant operated the road and cars in question. Appellee testified that he saw the initials "C. U. T. Company" on the trailer, and other witnesses testified that it was a Union Traction Company trailer. Charles F. Marlow, treasurer of the Chicago Consolidated Traction Company, was called as a witness, and in answer to subpoena *duces tecum* produced documents relating to the consolidation of the Chicago Consolidated Traction Company with the Chicago Union Traction Company, which were offered in evidence

by appellee for the purpose of proving that the appellant
had succeeded the Chicago Consolidated Traction Company
in the control, operation and ownership of the traction
system previously owned and operated by the Chicago Con-
solidated Traction Company.   We do not regard the ma-
teriality of these documents such as to require that they
should be set out or discussed in the decision of the ques-
tion involved in this case.   The organization and develop-
ment of the present traction system of Chicago, together
with the various organizations, mergers and consolidations,
were very fully examined by this court and discussed in
what are known as the "transfer cases," which are reported
as *Chicago Union Traction Co.* v. *City of Chicago,* 199 Ill.
484, and *Same* v. *Same,* id. 579.   There is nothing in the
present issues requiring us to examine the history of the
various changes that have been wrought in concentrating
in the Chicago Union Traction Company the numerous trac-
tion corporations that were formerly under the control of
the Chicago Consolidated Traction Company.

Appellant's most serious contention, in support of which
a very exhaustive brief and argument have been submit-
ted, is, that the averment in plaintiff's declaration that the
defendant "owned and operated a certain street railway,
together with the tracks, electric motors and other appur-
tenances thereto belonging," is traversed by the plea of not
guilty, and that the evidence in the record does not prove
that appellant was the owner of and was operating the street
car that injured appellee.   If there was no evidence what-
ever in the record tending to prove that appellant was op-
erating the car that did the injury, then the question would
be presented which appellant has so exhaustively argued,—
that is, whether, in a case of this character, the plea of not
guilty puts in issue the ownership of the road, cars and other
appliances which it is charged inflicted the injury.   The
appellant's motion to direct a verdict raises the question
whether there is any competent evidence in the record fairly

227—7

tending to support all the material allegations in appellee's declaration.

Upon looking into the record before us we find the following testimony: John Jerka testified: "There was a car coming down from the north of Division street with a trailer on, and came around the corner so fast that the trailer left the track and hit my wagon and knocked me down to the ground; there was a motor car and one trailer on the train; I seen on the trailer 'C. U. T. Company.' " John D. Roy testified: "They generally have the Union Traction trailers following; it was a Union Traction car, the trailer." Peter Schwindek testified: "Q. Do you know to what company the trailer belonged?—A. The Chicago Union Traction Company; I read it on the sign of the car right the same time it happened." James Karasch testified: "Q. Do you know what kind of cars were run on Elston avenue, there in June, before and after the 5th of June, 1902?—A. The regular Elston avenue cars and some Union Traction cars." Thomas Mulcahy testified: "I have noticed Chicago Union Traction trailers run on Elston avenue near Division street on and before June 5, 1902." William Hart testified: "On and before June 5, 1902, I have observed the cars on Elston avenue; I have seen Chicago Union Traction cars." William Johnson testified: "On and before June 5, 1902, I have seen Union Traction trailers run on Elston avenue." Charles Woolf testified: "I have seen Chicago Union Traction trailers on and before June 5, 1902, run on Elston avenue there; most of the trailers were Chicago Union Traction cars."

This testimony fairly tended to prove the averment in the plaintiff's declaration that the Chicago Union Traction Company was in the possession of and operated the street car line upon which appellee was injured. If, as appellant contends, its plea of not guilty casts the burden upon appellee of proving this matter of inducement in the declaration, the issue thereby raised is one of fact, and since the

judgment of the trial court has been affirmed by the Appellate Court, this court can only look into the evidence on this issue to determine whether there is evidence fairly tending to prove it.

We might stop here and rest our judgment on the foregoing answer to appellant's position, but we are of the opinion that appellant's position is unsound for another reason. The plea of not guilty did not put in issue the ownership of the street car line or the cars operated thereon. These were matters of inducement, and it was not necessary that the appellee should offer any proof in support of these facts unless they were denied by special plea. This view we regard as firmly established in this State by the following cases: *McNulta* v. *Lockridge,* 137 Ill. 270; *Illinois Life Ass.* v. *Wells,* 200 id. 445; *Chicago City Railway Co.* v. *Carroll,* 206 id. 318; *Pennsylvania Co.* v. *Chapman,* 220 id. 428. In the case last above cited it was said: "It is first insisted as a ground of reversal that the appellant, the Pennsylvania Company, did not own or operate the tracks, engines and cars in question, nor was the appellee in its employ at the time of his injury. In support of this contention it is contended that the tracks, engines and cars in question were operated by the Pittsburg, Cincinnati, Chicago and St. Louis Railway Company, commonly called the Panhandle, and that the appellee was in the employ of the latter company at the time of the injury. Appellee contends that the Panhandle was a part of appellant's road and was being operated by it and that he was in its employ. The suit was brought against the appellant company, and the declaration alleged that 'the Pennsylvania Company, a corporation, operated the Pittsburg, Cincinnati, Chicago and St. Louis Railway Company,' and that appellee was injured while the appellant was thus operating the road. To this declaration appellant filed the general issue only. In the case of *McNulta* v. *Lockridge,* 137 Ill. 270, we decided that the general issue alone does not put in issue

either the character in which the plaintiff sues or the character or capacity in which the defendant is sued. In this case the appellant, by filing only the general issue, impliedly conceded that at the time of the alleged injury it was operating the particular line of road mentioned in the declaration and that the operators in charge of the trains were its servants and employees."

Whether the rule above laid down is in strict accord with the principles of common law pleading as they existed prior to the adoption of the rule of the court of the Hilary term, 1834, is a matter of little practical concern, since the rule of *stare decisis* requires us to enforce the law as we find it, unless considerations of a very controlling character were presented which would justify us in overruling the previous decisions of this court and again laying the foundations of law anew. We see no hardship in requiring a defendant in a case of this character to plead specially that it was not the owner or in possession or operation of the property or instrumentalities which have caused the injury. The enforcement of this rule will, in our opinion, promote the ends of justice. If a plaintiff is afforded timely notice by a special plea that the want of ownership is relied upon as a defense, the plaintiff will have an opportunity of making investigation, and if he ascertains that he has sued the wrong party, he may, before the Statute of Limitations becomes a defense, bring his suit against the party that is, in fact, liable. We cannot imagine a case where the rule established by the decisions of this court can work any hardship on defendants. We see no reason for departing from the previous holdings of this court upon this question.

Appellant has argued some other matters in its brief, but they all relate more or less directly to this principal contention discussed above. None of them are deemed of sufficient importance to require a separate consideration.

Finding no error in the record the judgment of the court below is affirmed.                      *Judgment affirmed.*