Mary Campion, Appellee, v. City of Decatur, Appellant.

1. PLEADING—*what not admitted by general issue.* A plea of the general issue filed by a city in an action against it for injuries sustained upon an alleged street, does not admit the existence of such street and its control by such city.

2. EVIDENCE—*what does not establish existence of public street.* *Held,* that the evidence in this case did not show that the alleged street upon which the accident in question occurred was in fact a public street within the control of the city.

Action in case for personal injuries. Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed October 25, 1909.

W. NAY BOGGESS, for appellant.

LEFORGEE & VAIL, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Mary Campion recovered a judgment for $1500 against the city of Decatur as damages for injuries sustained by her through the alleged negligence of the city

in permitting the planks of a sidewalk over an alley which crossed an alleged public street known as Chisholm street or East avenue, to become worn and warped so that the plaintiff tripped and fell over the same. No evidence was offered by the defendant.

The ground relied upon for reversal of the judgment is that the plaintiff failed to prove that East avenue was a public street or that the alley in question was a public alley. It is insisted by the plaintiff that under the pleadings in the case it was not incumbent upon her to show that East avenue was a public street; that by pleading the general issue the defendant admitted that fact, and that if it had desired to controvert the question it should have done so by a special plea. In support of such position the case of C. U. T. Co. v. Jerka, 227 Ill. 95, is cited. True it is that it has been repeatedly held that the plea of not guilty does not put in issue the ownership of railway or street car lines or the cars operated thereon. C. U. T. Co. v. Jerka, 227 Ill. 95. We do not think, however, that such rule is applicable in cases of the present character.

In City of Rock Island v. Starkey, 189 Ill. 515, where one of the principal defenses presented under the plea of general issue was that the place where the alleged accident occurred was not a public street as to which the defendant was charged with any duty or responsibility, it is held that in order to charge a city with liability for a failure to care for an alleged public street, the dedication and an acceptance of the same must be proved. No formal act of acceptance is necessary, nor any record of such an act, but the evidence must show an acceptance of the street by those authorized to represent the public; that where there is no formal acceptance by the municipality and there is an attempt to prove an adoption of the street by the public authorities, an acceptance may be shown by the constant and general use by the public for a long time, or by the acts of public officers in repairing or keeping up the street, and the question thus becomes one of fact.

We are of opinion that there is not sufficient evidence in the record to establish the fact of the legal existence of a public street and alley at the place where the plaintiff was injured. To support such averment, the plaintiff offered and there was admitted in evidence a plat of record in the recorder's office of Macon county, purporting to be a plat of Rolling Mill addition to Decatur, made by G. L. Roring, surveyor, and upon which East avenue and the alley in question are shown as such. No record of any acknowledgment of said plat was, however, introduced in evidence, nor was there any evidence offered in connection therewith tending to show a dedication of the streets and alleys appearing thereon, or an acceptance of the same by the municipal authorities or by the public. We regard such plat as having no probative force. There was no evidence showing a long and continuous general use of the strip by the public as a street. A number of witnesses who had lived upon the alleged street for a number of years testified that it "was a public street." Such statements were obviously but conclusions of the witnesses and entitled to no weight. It was not shown that the city had ever repaired or done work thereon. A witness called by the plaintiff testified that in the year 1907 he told Schneider, then a member of the city council, that "he had better fix the walk in question before some one got hurt down there," and that Schneider replied that he "was going to see that it was fixed soon." The statement of a member of the city council, made under the circumstances shown, would in no way bind the city, and did not tend to prove the issue.

For the reasons stated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*