Elizabeth Humason, Administratrix, Appellee, v. Michigan Central Railroad Company et al., on appeal of Michigan Central Railroad Company, Appellant.

### Gen. No. 17,830.

1. MASTER AND SERVANT—*questions for jury.* In an action for the death of a railway employee struck by defendant's engine, where there is evidence which creates a presumption that deceased did not carelessly expose himself to danger, the question as to whether he exercised ordinary care for his own safety is for the jury.

2. RAILROADS—*duty of railroad to employees crossing tracks.* Where a railroad company operates its locomotives and trains on another company's tracks, there is a duty to keep them under such control that they may be stopped in time to prevent injury to employees of the company owning the tracks who are in the habit of crossing at a recognized passageway.

3. TORTS—*res adjudicata.* In an action for the death of a railway employee struck by an engine, a verdict of not guilty against one of two defendants who used the tracks jointly does not preclude a recovery against the other where they are not jointly negligent.

4. RAILROADS—*where declaration states cause of action.* Where a declaration avers that a railway company using tracks jointly with defendant had provided a certain place for deceased, an employee, to cross, which was known to defendant or in the exercise of reasonable care should have been known, and that defendant negligently propelled an engine upon said tracks over the place provided for deceased to cross without giving him reasonable and necessary warning, by reason whereof deceased in the exercise of reasonable care for his own safety was struck and killed, a cause of action is stated.

Appeal from the Circuit Court of Cook county; the HON. MAZZINI SLUSSER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 14, 1913. Modified and refiled and rehearing denied January 31, 1913.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; WEST & ECKHART, RALPH M. SHAW and JOHN C. SLADE, of counsel.

CHARLES J. TRAINOR, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This was an action in the Circuit Court of Cook County against the Michigan Central Railroad Company and the Illinois Central Railroad Company to recover damages for the death of Edwin A. Humason, an employee of the Illinois Central at its Twelfth Street station in Chicago. At the close of the plaintiff's case, the jury, under an instruction to that effect, found the Illinois Central Railroad Company not guilty. The question of appellant's negligence was submitted to the jury and a verdict of $10,000 returned. Judgment was entered on the verdict.

The original declaration contained six counts. After the verdict finding the Illinois Central not guilty was entered, the first, second, third and fifth counts

were withdrawn upon motion of the plaintiff's counsel, and the case against appellant was submitted to the jury upon the fourth and sixth counts only.

The fourth count averred that the defendants were using jointly certain tracks in the City of Chicago, and negligently and carelessly propelled upon and along said tracks a locomotive engine without a headlight thereon; that Humason was in the employ of the Illinois Central Railroad Company and in the discharge of his duties had to cross the tracks over which said engine was being propelled; that in so doing he was exercising reasonable care for his own safety, but because of the negligence of the defendant was struck by the locomotive engine and killed.

The sixth count alleged that the Illinois Central Railroad Company had provided for Humason a certain place to cross the tracks which was then and there known to the said Michigan Central Railroad Company, or in the exercise of reasonable care should have been known; that the Michigan Central Railroad Company carelessly and negligently propelled a certain locomotive engine upon and along said track and over said place so provided by said Illinois Central Railroad Company for Humason to cross said tracks without giving him reasonable and necessary warning of the approach thereof, by reason whereof, Humason, while in the exercise of reasonable care for his own safety, was struck and killed.

Both defendants pleaded the general issue, and appellant also filed a special plea denying ownership, operation or control of the tracks and right of way.

The evidence shows that Humason had been assistant station master for the Illinois Central Railroad Company for eight years and had worked for the same company in various capacities for six or seven years before that. He had his office with the station master, which was at the north end of the Twelfth Street passenger station of the Illinois Central, between the suburban and one of the main tracks of the road.

Beginning at a point opposite the office and east of it, an inclined elevation led south to the tracks of the St. Charles Air Line. This incline carried two tracks, the east track being for northbound and the west track for southbound traffic. At Thirteenth Street the incline reached a height of nine or ten feet, and a flight of wooden steps had been built on each side of the elevated incline by the Illinois Central for the use of its employees who had to cross the elevation in going from one part of the yard to the other. The stairs merely enabled the employees to get to the top of the elevation on one side and descend on the other. There was no walk of any kind across the two sets of tracks. From this point the elevation continued south to Sixteenth Street, about three-fourths of a mile.

It appears that the work of making up trains was done on the east side of the elevated tracks. Humason as assistant station master had charge of the making up of these trains, and from morning to night was walking around the numerous tracks in the yard and had been doing so for years. In going from his office to the east yard, where trains were made up, he had to cross this incline.

Appellant made a written motion for a directed verdict at the close of plaintiff's case, and renewed the motion after plaintiff's counsel had withdrawn the first, second, third and fifth counts of the declaration. It is urged as a ground of reversal that the record fails to show whether Humason's death was caused by the engines of appellant or by some other of the numerous engines and trains operated over the tracks in question, or in fact that he was killed by a train at all. Without reviewing the evidence in detail, but after careful consideration of it, we have reached the conclusion that the testimony shows with sufficient clearness that Humason was killed by the locomotive engines of appellant which left the roundhouse at 5:10 P. M. and were seen standing just north of the body of the deceased at 5:30 P. M., with the engineers on the

ground by the side of the body of the deceased. Shreds of clothing of the deceased were found on the east drive wheel of the foremost engine. The mangled body of the deceased was lying on the east rail of the east track behind the locomotive. These, with other facts and circumstances shown in the evidence, we think form a sufficient basis for the finding of the jury that the deceased met his death as a result of being run over by appellant's locomotives. No evidence was offered by appellant. The evidence on behalf of the plaintiff stands uncontradicted.

It is next urged that the evidence conclusively shows that Humason could not have been struck and killed by appellant's engine and at the same time have been in the exercise of ordinary care for his own safety. The record contains evidence of several witnesses to the effect that he was a careful and prudent man, a man of good habits and character, and that he was fond of his family,—and these facts create a presumption that he did not carelessly expose himself to danger of injury or death. He was a sober man, and engaged in the performance of his duties in the regular way on the afternoon of his death and up to a short time before he was killed. The locomotives came down the incline and over the crossing. It is apparent that Humason came up the steps leading to the east side of the incline, with his back toward the locomotives, and when he was at the top of the steps he was within a foot or two of the track on which his body was found. There is evidence that there was considerable noise produced by freight engines at work directly opposite the steps to the east, and that there were three locomotives attached to trains in the train shed throwing off steam and smoke to the west of the steps, and that local trains passed to the east of the steps every few minutes and also local trains passed to the west of the steps every five minutes, so that at the crossing there was considerable noise which tended to distract the attention of the deceased from any noise

produced by the locomotives of appellant as they moved down the incline. It was a question for the jury whether under all the circumstances and conditions existing at the time of the accident the deceased was in the exercise of ordinary care for his own safety, and we do not find in the record substantial reasons for differing from the conclusion of the jury as to the exercise of care by the deceased for his own safety.

It is next urged that the record fails to show any negligence on the part of appellant. In our opinion, appellant and its employees were chargeable with notice of the use made of the elevated tracks by the employees of the Illinois Central Railroad Company, and it was the duty of appellant to so operate and handle its locomotives and trains, at this recognized passageway, under such control that if an employee of the Illinois Central was crossing the tracks at this point, the locomotives or trains could be stopped in time to prevent injury to persons rightfully crossing there. The evidence, in our opinion, tends to show that Humason was struck at this crossing and that his body and clothing were carried forward by the locomotive some distance north of the crossing. We think if the servants of appellant had been on the lookout for persons crossing at this point, they could have seen the deceased before he stepped on the track, and could have warned him of their approach by the sound of a whistle. The negligence on the part of appellant was a fair question for the jury upon the evidence, and we see no reason to disturb the verdict upon that ground.

The contention is made that the plaintiff's declaration averred that the defendant, Illinois Central Railroad Company, was one of the joint owners of the tracks and right of way upon which the accident occurred, and that the judgment finding that that company was not guilty was conclusive against the plaintiff's right to recover from appellant, and in support of this contention appellant's counsel cite Ander-

son v. West Chicago St. R. Co., 200 Ill. 329; Pennsylvania Co. v. Chapman, 220 Ill. 428; Chicago v. Union Traction Co. v. Jerka, 227 Ill. 95.

The first, second and third counts of the declaration aver joint ownership and user of the tracks upon which the accident occurred. The fourth, fifth and sixth counts averred that the defendants "were using jointly certain tracks in the City of Chicago." Upon these averments and the proofs the trial court instructed the jury at the close of plaintiff's case to find the defendant Illinois Central Railroad Company not guilty. The jury returned a verdict accordingly as to the defendant Illinois Central Railroad Company, and a judgment in favor of that company was entered thereon.

We think that upon the averments of the declaration there was no relation of principal and agent as between the defendants, alleged or shown, and no such question was involved unless the joint owners were jointly negligent. This case does not come within the doctrine of the Anderson case, *supra,* because there is no allegation of the relationship of lessor and lessee or any similar relation upon which such liability can be predicated.

Aside from that consideration there could not have been any claim of estoppel by verdict interposed by appellant in favor of the Michigan Central. The evidence does not show that defendants were joint tort feasors. The verdicts and judgments were together the disposition of the case against both defendants. So far as appellant is concerned, if this mode of disposing of the case was irregular, it is an irregularity which works no prejudice to appellant. Postal Tel. Cable Co. v. Likes, 225 Ill. 249, 257.

As a further ground for reversal it is contended that neither the fourth nor the sixth count of the declaration stated a cause of action, and that appellant's motion in arrest of judgment should have been al-

lowed. In our opinion the sixth count stated a cause of action against appellant. As to that count, the motion in arrest was properly overruled.

The judgment is affirmed.

*Affirmed.*