JOHN CLARK, Defendant in Error, *vs.* THE WISCONSIN CENTRAL RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed December 17, 1913—Rehearing denied Feb. 10, 1914.*

1. NEGLIGENCE—*limitation of rule that a plea of not guilty does not put in issue ownership of instrumentalities.* The rule that a plea of the general issue in a personal injury suit against a railroad company does not put in issue the ownership of the railroad and instrumentalities used does not apply where the instrumentality causing the injury was not one ordinarily and commonly used in the railroad business. (*Chicago Union Traction Co.* v. *Jerka,* 227 Ill. 95, *Pennsylvania Co.* v. *Chapman,* 220 id. 428, and *Pell* v. *Joliet, Plainfield and Aurora Railroad Co.* 238 id. 510, limited.)

2. SAME—*when railroad company is not liable for act of servant.* A railroad company is not liable for the negligent act of a servant where the latter is not engaged in the line of his employment at the time but is pursuing purposes of his own after completing his day's work, even though at the time of the accident he is using an instrumentality furnished by the company.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE W. PATTON, Judge, presiding.

HINER, BUNCH & LATIMER, and W. A. HAYES, for plaintiff in error.

P. R. BARNES, I. W. BAKER, and C. E. HECKLER, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Defendant in error, as plaintiff, recovered a judgment in the superior court of Cook county against plaintiff in error for $1200 for personal injuries. That judgment was affirmed by the Appellate Court for the First District, and the case is brought to this court by writ of *certiorari.*

Defendant in error will hereafter be referred to as plaintiff and plaintiff in error as defendant.

Defendant was at the time of the injury operating a railroad running north and south in Cook county. A man named Fred Tollinger was a telegraph operator employed by the defendant at a station on its line called McKinley. There was a public highway crossing over the defendant's tracks about one mile south of McKinley station. On the 7th of October, 1907, plaintiff, while crossing over the railroad tracks at this crossing, driving one horse hitched to a buggy, was struck by a railroad velocipede or tricycle being driven and operated by Tollinger. He was thrown out and injured and the buggy was also broken and injured. He brought suit to recover damages against the defendant railroad company and Fred Tollinger, jointly.

The first count of the declaration alleged the defendant railroad company was possessed of and operating certain railroad tracks extending north and south through Cook county, upon and over which it was in the custom and habit of propelling and allowing to be propelled cars, locomotives and other rolling stock, and that defendant Fred Tollinger was in the employ of the railroad company as its station agent at McKinley; that plaintiff, in the exercise of due care, was driving a one-horse vehicle along the public highway over the railroad tracks, and that the defendant railroad company, through its agent, Fred Tollinger, who was then and there in charge of and operating a certain railroad velocipede, wrongfully, carelessly and negligently ran, drove and propelled said railroad velocipede against, upon and over the vehicle of plaintiff, thereby injuring him and said vehicle. The second count alleges the defendant railroad company allowed and permitted defendant Fred Tollinger, who was then and there in its employ, to use its tracks upon which to propel and drive said railroad velocipede.

The defendant railroad company pleaded the general issue, only. The defendant Tollinger pleaded the general

issue and also a special plea alleging he had caused plaintiff's carriage to be mended and repaired in full satisfaction and discharge of the grievances mentioned in the declaration, which had been accepted by plaintiff as a satisfaction and discharge of said grievances.

On the day the trial began, and just before it was entered upon, the suit was dismissed as to the defendant Fred Tollinger, and he was called and testified as a witness on behalf of plaintiff. He testified he had been employed by the defendant railroad company, as telegraph operator at McKinley, for about two months before the accident occurred; that he lived at DesPlaines, which is about five miles south of McKinley, where he worked; that he was going home at the time of the accident and was running the velocipede over the railroad tracks; that it weighed about eighty pounds, had no motive power, but was propelled by the witness with his hands and feet; that the accident occurred about ten minutes after six o'clock, in the evening. The witness testified that his hours of work were from seven o'clock to seven o'clock, but on the evening of the accident he was off duty and quit at six o'clock and started home.

Defendant offered evidence for the purpose of proving that it did not own or control the velocipede, that it did not give permission for the use of it on the railroad tracks and had no knowledge or information that Tollinger was so using it; that Tollinger was not acting within the scope of his employment at the time the accident happened but was off duty. This offered evidence was objected to by plaintiff, and the objection was sustained upon the ground that it was not admissible under the plea of not guilty. Defendant thereupon asked leave of the court to file an additional plea averring that the velocipede described in the declaration was not the property of defendant but was the property of Fred Tollinger, and that it was not owned, op-

erated or controlled by defendant. This motion was denied. The court, on its own motion, instructed the jury that the testimony of Tollinger that he had finished his day's work, was on his way home and was not on duty at the time of the accident was not objected to by plaintiff at the time the testimony was given, but that it was immaterial under the issues of the case and should be disregarded by the jury in considering their verdict.

*Chicago Union Traction Co.* v. *Jerka,* 227 Ill. 95, *Brunhild* v. *Chicago Union Traction Co.* 239 id. 621, *Pennsylvania Co.* v. *Chapman,* 220 id. 428, *Pell.* v. *Joliet, Plainfield and Aurora Railroad Co.* 238 id. 510, and some earlier decisions, are relied upon as sustaining the ruling of the court in refusing to permit the evidence offered that the defendant railroad company was not the owner or in possession of or operating the instrumentalities alleged to have caused the injury under the general issue. Those cases are authority for the proposition that the plea of not guilty does not put in issue the ownership of the railroad and instrumentalities ordinarily and commonly used by the railroad company, its agents and servants, in the operation of the railroad, but that rule does not apply where the instrumentality causing the injury was not one ordinarily or commonly used in the railroad business, and the defense sought to be made is that it did not belong to the defendant and was not used or operated by it or with its knowledge and consent, but was in control of and operated by someone for his own purposes who was not at the time engaged in the service of defendant. The fact that Tollinger was employed to work certain hours for defendant did not, of itself, render defendant liable for his every negligent act. When not engaged in his line of employment but in pursuing purposes of his own the master would not be liable for his negligence, even though he was at the time using the instrumentalities furnished him by the master to perform the duties of his employment.

*Slater* v. *Advance Thresher Co.* (Minn.) 5 L. R. A. (N. S.) 598, was a case where the defendant was sued for damages resulting from an injury alleged to have been caused by the defendant's servant in driving an automobile. The servant was furnished. by defendant an automobile for use in performing the duties of his employment. After business hours, and while the servant was driving the automobile on a mission of his own and purely for his own purposes, plaintiff's team became frightened at the automobile and ran away, causing the injury. It was held there could be no recovery, and in a well considered opinion of the court will be found a large collection of authorities. Among other authorities cited and quoted from is Shearman & Redfield on Negligence, as follows: "If the act complained of be committed by the servant while at liberty from the service of the master and while pursuing his own interests exclusively, there can be no question of the master's freedom from liability, even though the injury would not have been committed without the facilities afforded the servant by his relation to the master."

*Lima Railway Co.* v. *Little,* (Ohio,) 65 N. E. Rep. 861, on account of its facts is much in point upon this question and many authorities are cited in the opinion. The same rule has been applied in repeated decisions in this State.

But we are further of opinion that even if none of the proof offered by defendant was competent under the general issue the court erred in denying leave to file a special plea. The application, it is true, was addressed to the sound discretion of the court, and the ruling in such cases will afford no ground of reversal unless there has been an abuse of discretion. The declaration in this case was filed January 16, 1908. Defendant filed its plea of not guilty January 28, 1908. The trial was commenced on March 9, 1910, and it is contended it would have been an injustice to plaintiff, after so long a period had elapsed since the filing of the plea, to permit defendant, during the progress

of the trial, to file the plea. To have granted the leave would not have involved any question of the Statute of Limitations, and so far as we can see would not have prejudiced plaintiff. If, as suggested, plaintiff might not have been prepared with proof to meet the plea in the midst of the trial, he could have secured a continuance, at defendant's cost, to such time as would enable him to secure the testimony. There is nothing appearing in the record, however, to indicate that any such delay would have been necessary. Under the circumstances of this case the mere delay of defendant to file the plea before the trial began was not a sufficient justification for denying the leave. The defendant did not deny it owned and operated the railroad but it offered to prove that it did not own the velocipede, that it never gave Tollinger permission to run it over its tracks, that it had no knowledge of his doing so, and that he was not in its employ at the time the injury occurred. By denying leave to file the plea, the only defenses left to it were that Tollinger was not negligent or that the plaintiff was guilty of contributory negligence. Whether the defendant could have proven the defenses it offered to make is immaterial. If it in good faith sought to make such defenses the ends of justice required that it be permitted to file the plea to enable it to do so. Assuming, as the court held, that the proof offered was inadmissible under the plea of not guilty, we think the error in denying application for leave to file the special plea requires a reversal of the judgment.

The judgments of the Appellate and superior courts are reversed and the cause remanded to the superior court, with leave to defendant, if it shall so desire, to file the special plea.    *Reversed and remanded.*