WALTER CARLSON, Appellee, *vs.* JOHN B. JOHNSON, Appellant.

*Opinion filed June 16, 1914.*

1. PLEADING—*matters of inducement in a declaration are not traversed by a plea of general issue.* The occupation, ownership or operation of the property or instrumentalities which are set out as connected with or as the cause of the injury, or the character in which the parties appear in the litigation, are matters of inducement, which are not put in issue by a plea of the general issue.

2. SAME—*when proof that a building was in control of an independent contractor cannot be made under general issue.* Where the declaration alleges that the building in front of which plaintiff was playing was being repaired by the defendant by his servants, and the plea of the general issue is filed, proof is not admissible that the building was, at the time, being repaired by an independent contractor and that he was in full control thereof.

3. SAME—*discretion as to refusing leave to file a special plea should not be exercised to defeat justice.* The discretion of the trial court in the matter of granting or denying leave to file a special plea after the general issue is on file should not be exercised in such a way as to cut off substantial rights of parties who have not been guilty of improper conduct.

4. SAME—*when court should permit a special plea to be filed.* Where the defendant's attorney, before the trial of a personal injury case, asks leave to file a special plea setting up that the defendant's building, at the time of the accident, was in control of

an independent contractor, but the leave is denied after the judge has inquired whether the attorney thought such plea was necessary with the general issue on file and has received a negative reply, it is error to refuse leave to file the plea at a subsequent stage of the trial, after the court has correctly ruled that the evidence as to the independent contractor was not admissible under the general issue.

APPEAL from the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN McNUTT, Judge, presiding.

CHYTRAUS, HEALY & FROST, NELS J. JOHNSON, and EDWIN WHITE MOORE, for appellant.

GOLDZIER, RODGERS & FROEHLICH, (WALTER A. BRENDECKE, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Walter Carlson, a minor, by Alfred Carlson, his father and next friend, brought a personal injury suit against John B. and Eric J. Johnson and the city of Chicago to recover compensation for the loss of the sight of one eye, occasioned by the alleged negligence of defendants' agents and servants. It is alleged that a house was being remodeled and repaired, fronting upon a sidewalk, and that the plaintiff, while walking or playing in front of the building on the sidewalk, was struck by a nail or some other small missile which fell or was thrown from the roof of the building by the persons engaged in work upon said building, inflicting the injury, resulting in the loss of the sight of one of plaintiff's eyes. Before the trial all of the defendants were dismissed out of the case except John B. Johnson. The case was tried as to him on a plea of not guilty, resulting in a verdict for the plaintiff for $4250, which has been affirmed by the Appellate Court for the First District, and the cause is brought to this court for review by an appeal and certificate of importance.

The amended declaration alleges that appellant, by his servants and agents, was engaged in remodeling and repairing a building owned by him and that certain men were engaged in working upon the roof of said building. It is alleged that appellant, by his said servants and agents, did so carelessly and negligently proceed with the work on the building, that appellee, who was four years of age, lawfully using said sidewalk and street, was struck by a certain nail or other object which fell or was thrown from the roof of the building aforesaid, which said nail or other object penetrated appellee's right eye and he thereby completely lost the sight thereof. The amended declaration was filed September 6, 1910. The original declaration alleged that appellant had employed Eric J. Johnson as contractor, and that it was under his supervision that the work on said building was being done. On June 12, 1911, and before the commencement of the trial, appellant's counsel asked leave of the court to file instanter a special plea then tendered, setting up that Eric J. Johnson, as an independent contractor, was engaged in remodeling and repairing the house in question and was so in possession and control of the premises on September 17, 1909, at the time appellee was injured. Said plea alleged that Eric J. Johnson and his servants and agents were then in the exclusive possession and control of said building and premises. When this application was made to the court the record shows that the court inquired of appellant's counsel whether he considered it necessary to file such special plea, and that counsel replied he did not think it necessary and suggested that he thought the evidence of the facts set up in the special plea would be admissible under the general issue. Thereupon the court denied leave to file the special plea and appellant preserved an exception to the ruling. The case was reached for trial about four o'clock in the afternoon of that day. The court then adjourned over until ten o'clock the next day, when a jury was accepted and the trial proceeded. Ap-

pellant offered to prove on the trial, by way of defense under the general issue, that the work of remodeling the building had been let to an independent contractor, and that the entire control and management of the premises were given over to said contractor and that all persons employed upon said building were the servants of said contractor. In other words, appellant offered to prove that the matters set up in the special plea were true. An objection was interposed on the ground that the evidence was not admissible without a special plea denying the ownership and possession of the premises, and his objection was sustained. Some evidence tending to show that Eric J. Johnson was in the exclusive possession and control of the premises at the time of the accident was elicited from witnesses before the court had ruled that the evidence was not admissible, and this testimony was subsequently stricken out on motion of appellee's attorney. After the court had ruled that this testimony was not admissible under the general issue, appellant's attorney renewed his application for leave to file the special plea. Leave was again refused and all evidence relating to the question of ownership and possession was excluded, and appellant again preserved an exception. The court, in denying leave to file the special plea the second time, remarked that he would have permitted appellant to file it if his counsel had advised the court, on the first application, what he wanted. A third application of appellant's counsel to file such special plea was made later in the progress of the trial and after the court had repeatedly ruled that the evidence could not be received without such plea. The special plea tendered on the last application was redrafted and sworn to, but the court adhered to its previous ruling and denied leave to file the same.

Two questions are presented for our consideration: First, did the trial court err in holding that appellant could not prove, under the general issue, that the work upon the building was being done by an independent contractor and

that the persons through whose alleged negligence the injury occurred were the servants and agents of said contractor and not the employees of appellant? Second, if it was necessary to file a special plea in order to render admissible this testimony, did the trial court abuse its discretion in refusing appellant leave to file such plea?

If a special plea was unnecessary the court did not err in refusing to permit it to be filed, but the error, if any there be, was in refusing to permit the proof to be made under the general issue. We regard the rule as well established in this State that matters of inducement in a declaration are not traversed by a plea of the general issue. The occupation, ownership or operation of the property or instrumentalities which are set out as connected with or as the cause of the injury, or the character in which the parties appear in the litigation, are not denied by the general issue. The line of decisions which have applied this rule commences with *McNulta* v. *Lockridge,* 137 Ill. 270. In that case the declaration was against a receiver of a railroad charging the negligent operation by the servants and employees of the receiver, resulting in the injury. McNulta had been appointed successor to Cooley, who was receiver at the time the injury occurred, and the appointment of McNulta and his possession and operation of the railroad properties were averred in the declaration. The only plea was that of not guilty. There was no proof of the appointment of the receiver nor his possession and operation of the railroad properties through his servants. This court held that the plea of not guilty did not put in issue the appointment of a receiver or his possession and operation of the road, or that the employees operating the trains were the servants of the receiver, as such. Following this case this court re-affirmed the doctrine of the *McNulta case* in *Pennsylvania Co.* v. *Chapman,* 220 Ill. 428, and held that by pleading only the general issue a railroad company impliedly concedes that at the time of the alleged injury it

was operating the particular line of road mentioned in the declaration and that the persons in charge of the trains were its servants. The same question arose again in *Chicago Union Traction Co. v. Jerka*, 227 Ill. 95. That was a suit by a teamster for an injury against a street car company. It was contended on the trial of the case that the parties should show that the street car line was being operated by the particular company that was sued, but the contention was not sustained. This court, relying on the previous decisions, held that the plea of not guilty did not put in issue the ownership of the street car line nor the cars operated thereon; that these were matters of inducement which need not be proven unless put in issue by a special plea. It was insisted in that case, as it is here, that this court had departed from the strict common law rules of pleading, and was, in effect, applying the Hilary term rule, which had never been recognized as in force in this State. Referring to this argument, this court, on page 100, said: "Whether the rule above laid down is in strict accord with the principles of common law pleading as they existed prior to the adoption of the rule of the court of the Hilary term, 1834, is a matter of little practical concern, since the rule of *stare decisis* requires us to enforce the law as we find it, unless considerations of a very controlling character were presented which would justify us in overruling the previous decisions of this court and again laying the foundations of law anew." The latest case where this court has had occasion to consider this question is *Clark v. Wisconsin Central Railway Co.* 261 Ill. 407. There a suit was brought against the railroad company for an injury received by the plaintiff from a velocipede used by an employee of the company. This court distinguished the previous decisions, and held that the rule that there was an implied admission, from the general issue, only, of the ownership and operation of the instrumentalities causing the injury, did not apply where the thing causing the injury was not one

263 — 36

of the usual and ordinary instrumentalities employed in the operation of the company's business, and it was held that the court erred in refusing to permit the railroad company to show that the velocipede did not belong to the company but was the property of another, and was being used at the time of the accident by the employee, not in the business of the railroad but while he was engaged in some affairs of his own.

We are unable to distinguish the case at bar from the *Jerka case,* and others in line with it, which hold that the ownership and operation of the business or property which is so connected with the injury that it becomes proper to allege it and the defendant's relation thereto, are impliedly admitted where the only plea filed is the general issue. Under the rule established by these cases the court did not err in refusing to permit appellant to prove that he was not in the possession and control of the building at the time of the accident and that the persons employed thereon were not, in fact, his agents and employees.

This brings us to a consideration of the second question, viz., Did the court err in refusing leave to file a special plea? The application was addressed to the sound legal discretion of the court, and the judgment should not be reversed unless there has been an abuse of discretion. It is true, also, that the plea of not guilty had been filed several months before the trial. It may well be supposed, however, that counsel for appellant in good faith believed, as he has strenuously argued in this court, that the evidence excluded was admissible under the general issue, and being of that opinion he did not deem it necessary to file the special plea. None of the cases where the rule discussed under point I was applied are cases involving the ownership and control of a building, and the rule announced in the *Jerka case* and others might reasonably be thought inapplicable to a situation such as is presented in the case at bar,—at least it is no indication of bad faith on the part

of counsel not to have filed the plea at the earliest opportunity. When leave was first asked the trial court inquired whether counsel thought it was necessary to have such plea, and to this it was replied that he did not think it was. The remarks of the court were well calculated to suggest that there was at least some question in the mind of the court as to the necessity of filing such plea. The remarks of the trial court were not a ruling, and we would not be understood as intimating that the court was in any way bound by what was then said, when the matter came up later in the trial for a direct ruling. The court having properly held that this evidence could not be introduced without such plea and it being reasonably apparent that appellant had evidence strongly tending to establish the truth of such plea, it would seem that the refusal of the court to permit the plea to be filed, even at that late date, was, in effect, a denial of the right to appellant to make the only defense he had. Appellee could not have been prejudiced by allowing the plea to be filed, since he could, if necessary, have applied to the court for a continuance or postponement of the trial to enable him to prepare to meet the issue presented by such plea. The discretion of the court should be exercised in furtherance of justice, and not in such a way as to cut off substantial rights of parties who have not been guilty of some improper conduct. This question was considered in the late case of *Clark* v. *Wisconsin Central Railway Co. supra,* where it was held, under similar circumstances to those appearing in this case, that it was error for the court to refuse permission to file a plea of this character on the trial of the case.

In our opinion the court erred in denying appellant the right to file a special plea, for which its judgment and that of the Appellate Court must be reversed and the cause remanded.

*Reversed and remanded.*