**Foreman Brothers Banking Company, Administrator of the Estate of John Wojcik, Defendant in Error, v. Joseph Dudeck, Plaintiff in Error.**

**Gen. No. 28,754.**

1. PLEADING—*issues made by plea of general issue in negligence case.* In an action against a father for negligent death resulting from the negligent operation of an automobile by his son, a plea of the general issue operated as a denial only of the wrongful act and not of the ownership or control of the father or of the agency of the son, and evidence on those questions is not admissible under such plea.

2. PLEADING—*when leave to file special pleas in negligence improperly refused.* In an action against a father for negligent death resulting from the negligent operation of an automobile by his son, where the only defense the father had was the want of agency of the son to use the automobile at the time of the acci-

dent and evidence sustaining such defenses was inadmissible under defendant's plea of the general issue the trial judge erred in denying defendant's motion for leave to file a special plea setting up those defenses.

Error by defendant to the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1923. Reversed and remanded. Opinion filed June 25, 1924.

LEWIS A. HAUSCHILD and THOMAS E. SWANSON, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE TAYLOR delivered the opinion of the court.

The defendant, Joseph Dudeck, having been sued for damages growing out of the negligent operation of an automobile by his son, John Dudeck, on March 26, 1921, and a declaration having been filed which set up that the defendant had authorized his son, at the time in question, to drive the automobile upon certain business for him, and a plea of the general issue having been filed thereto, the question arises whether the defendant, Joseph Dudeck, was entitled to introduce evidence of nonownership and noncontrol under the plea of the general issue and further, whether, on March 7, 1923, the defendant was entitled to file a plea denying responsibility for the operation of the automobile. No brief has been filed for the plaintiff.

Suit was begun on July 21, 1921. The declaration was filed on August 3, 1921, and contained two counts. The first set up that on March 26, 1921, in Chicago, the defendant was the owner of a certain automobile; that John Dudeck was his son; that the defendant did then and there and long prior authorize and permit John Dudeck "to run and operate said automobile over the streets of the City of Chicago in and about the business" of the defendant; that on the day

aforesaid the defendant authorized John Dudeck, his son, "to drive and operate said automobile upon said business of the defendant." The declaration further alleges that John Dudeck, operating the automobile at a reckless rate of speed at Western Avenue and 63rd Street, collided, by reason of his negligence, with a street car, and as a result the automobile was thrown from the street upon the sidewalk at the southeast corner of the intersection where Wojcik (the deceased) was standing and in the exercise of care, as a result of which negligence of the defendant the automobile struck Wojcik, and so injured him that in a short time thereafter he died.

The second count was substantially the same as the first, save that it alleges that the son ran the automobile "at a wilful, wanton, careless and reckless rate of speed."

On August 6, 1921, both Joseph and John Dudeck, were duly served. John Dudeck, the son, as a defendant (father and son having been sued together), on September 21, 1921, filed a plea of the general issue, and, also, a special plea. The special plea set up that he, John Dudeck, at the time in question, "did not own, possess, manage, operate, control or drive the said automobile."

On January 2, 1923, the appearance of the present defendant Joseph Dudeck was entered, and on the same day a plea of the general issue was filed on his behalf; and on January 3, 1923, an order was entered that that plea of the general issue should stand as the plea of the defendant Joseph Dudeck.

On March 7, 1923, seventeen months after Joseph Dudeck was served with summons, the plaintiff was given notice, by counsel for Joseph Dudeck, that on that date they would ask leave to file special pleas of noncontrol and nonoperation of the automobile on behalf of the defendant Joseph Dudeck. On the same day an order was entered by the court refusing the

defendant Joseph Dudeck leave to file special pleas of nonoperation and noncontrol.

On April 2, 1923, there was filed with the clerk of the court, on behalf of the defendant Joseph Dudeck, what purports to be a notice under Section 46, Chapter 110 [Cahill's Ill. St. ch. 110, ¶ 46] of the statutes that the defendant Joseph Dudeck intended at the trial to rely upon the claim that the son, John Dudeck, had no authority or right to use the automobile on the day in question, and that the defendant never gave him authority or license to take it or use it on that day. In answer to that, there was filed, on behalf of the plaintiff, a statement setting up reasons why a motion to file the notice in question ought not to be allowed.

On the same date an order was entered denying the defendants leave to file a special plea, and allowing the plaintiff's motion to strike the defendant's notice pertaining to special matter of defense. On the same date, the plaintiff, by leave of court, filed a similiter to the pleas of the defendants Joseph and John Dudeck, and as to the second plea of John Dudeck, denying ownership and control, the plaintiff took issue.

On April 4, 1923, the trial began before the court with a jury. The evidence at the trial showed substantially the following: John Dudeck, one of the defendants, was the son of Joseph Dudeck, and at the time in question was twenty-one years old, and lived with his father at 15639 South Halsted Street, in the Town of Phœnix, Illinois. About half past eight on the morning of March 25, 1921, he took the automobile from the garage, which latter was located about ten feet from the house, intending to drive to Chicago. He picked up two men, one Bafia and Jaros. Before he drove from Phœnix, he put into the machine a crank case weighing several hundred pounds, which belonged to Bafia, and drove to the Reo Station, at 24th and Indiana Avenue, in Chicago. It was between 10:30 and 11 o'clock when he reached the Reo

Station. From there he went to 21st Street and Western Avenue, and from there to 43rd and Marshfield, and then south on Western Avenue, where it intersects 63rd Street, reaching that point between 12:30 and 1 p. m. Driving into that intersection, the automobile was traveling, according to a number of witnesses, from 30 to 35 or 40 miles an hour. The automobile collided, within the intersection of the two streets, with a street car which was traveling east, apparently at a slow rate of speed. The result of the collision was that the automobile was turned to the southeast, then went over the curbstone, knocked down a pair of scales and ran into a number of people who were there on the sidewalk. It struck Wojcik and injured him so that he shortly thereafter died.

At the close of the plaintiff's case the defendant renewed his motion to file a special plea of nonoperation and noncontrol, and it was denied; and at the close of all the evidence, it was renewed, and denied. On April 7, 1923, there was a verdict and judgment for the plaintiff, and against Joseph Dudeck, in the sum of $7,500.00. A motion for a new trial was made by the defendant, Joseph Dudeck, and it was overruled.

It is contended for the defendant, Joseph Dudeck, that the only defense "he had to the suit (aside from the defenses of John Dudeck who was dismissed from the case) was the want of agency of said John Dudeck to use the automobile in question at the time of the accident"; and that, therefore, the question of agency "was not mere matter of inducement, but went to the very foundation of the action against the defendant"; and that the plea of the general issue did not admit ownership and control, but permitted the defendant to introduce evidence on both those subjects.

The question then arises whether the plea of the general issue operated as a denial only of the wrongful act, and not of the ownership or control of the

father, or of the agency of the son.    The Old Hilary
rules (Chitty, Vol. 1, p. 906, 16th Am. Ed.) provided
that "In actions on the case, a plea of not guilty
shall operate as a denial only of the breach of duty
or wrongful act alleged to have been committed by
the defendant, and not of the facts stated in the in-
ducement, and no other defense than such denial shall
be admissible under that plea.    All other pleas in de-
nial shall take issue on some particular matter of fact
alleged in the declaration."

The subject has been considered in this state in
the following cases:    *McNulta v. Ensch,* 134 Ill. 46;
*McNulta v. Lockridge,* 137 Ill. 270; *Chicago City Ry.
Co. v. Carroll,* 206 Ill. 318; *Pennsylvania Company
v. Chapman,* 220 Ill. 428; *Chicago Union Traction Co.
v. Jerka,* 227 Ill. 95; *Pell v. Joliet, F. & A. R. Co.,* 238
Ill. 510; *Brunhild v. Chicago Union Traction Co.,* 239
Ill. 621; *Clark v. Wisconsin Central Ry. Co.,* 261 Ill.
407; *Niles v. Marshall Field & Co.,* 218 Ill. App. 142;
*Carlson v. Johnson,* 263 Ill. 556; *Smith v. Tappen,* 208
Ill. App. 433.

In the *Clark* case (*supra*), the plaintiff, while driv-
ing a one-horse vehicle over the defendant's railroad,
was struck by a railroad velocipede which was being
driven by a telegraph operator employed by the de-
fendant.    The declaration charged the defendant with
operating the velocipede through its agent.    The only
plea filed was that of the general issue.    At the trial,
the defendant offered evidence to prove that it did
not own or control the velocipede and did not give
permission for its use on the railroad tracks, and had
no knowledge that at the time it was being used; and
that Tollinger, who was using it at the time of the
accident, was not acting in the scope of his employ-
ment.    That evidence was ruled out on the ground
that it was not admissible under the plea of not
guilty; and a motion by the defendant to be allowed
to file a plea setting up those facts was overruled.
But on review in the Supreme Court it was held that

even if none of the proof offered was competent under the general issue, the trial judge erred in denying leave to file a special plea. In discussing the *Jerka, Brunhild, Chapman,* and *Pell* cases (*supra*), the court said:

"Those cases are authority for the proposition that the plea of not guilty does not put in issue the ownership of the railroad and instrumentalities ordinarily and commonly used by the railroad company, its agents and servants, in the operation of the railroad, but that rule does not apply where the instrumentality causing the injury was not one ordinarily or commonly used in the railroad business, and the defense sought to be made is that it did not belong to the defendant and was not used or operated by it or with its knowledge and consent, but was in control of and operated by someone for his own purposes who was not at the time engaged in the service of defendant. The fact that Tollinger was employed to work certain hours for defendant did not, of itself, render defendant liable for his every negligent act. When not engaged in his line of employment but in pursuing purposes of his own the master would not be liable for his negligence, even though he was at the time using the instrumentalities furnished him by the master to perform the duties of his employment."

The only one of the foregoing cases that seems in any way to suggest that evidence of ownership and control is competent under the plea of the general issue is the *Clark* case. But in the *Carlson* case (*supra*), the court, after considering the earlier cases, and, also, the *Clark* case, reaffirmed the doctrine announced in the *Jerka* case, and said, after stating the substance of the *Clark* case, "We are unable to distinguish the case at bar from the *Jerka* case, and others in line with it, which hold that the ownership and operation of the business or property which is so connected with the injury that it becomes proper to allege it and the defendant's relation thereto, are impliedly admitted where the only plea filed is the general issue."

Subsequently, in *Smith v. Tappen* (*supra*), where the declaration alleged that the plaintiff was run over by an automobile driven by the defendant's minor son, and there was only a plea of the general issue, the court said: "Defendant is not in a position to question his ownership and control of the car which inflicted the injury.  *  *  *  The plea of the general issue did not put in issue his ownership and operation of the car.  *  *  *  This rule was qualified in *Clark v. Wisconsin Cent. Ry. Co.*, 261 Ill. 407, but was reaffirmed in *Carlson v. Johnson*, 263 Ill. 556."

It is true that if, in the instant case, the father was guilty of a tort, it was not solely because his son negligently drove the car, but because, also, he, the father, was responsible for the conduct of his son; and so it is somewhat difficult to conclude that the allegations in the declaration in regard to the agency of the son were mere inducement and not a recital of facts which it would be necessary to prove in order ultimately to show that the defendant was guilty of the tort for which the plaintiff sought damages.   An examination of the history of the law on that subject in this state, however, leads to the conclusion that the limitations of a plea of the general issue are now fixed.   We are, therefore, bound by the rule of *stare decisis*.

Having decided that the evidence is not admissible under the plea of the general issue, the question arises whether the trial judge erred in denying the defendant leave to file a special plea.   Mr. Justice Farmer said in the *Clark* case (*supra*): "The application, it is true, was addressed to the sound discretion of the court, and the ruling in such cases will afford no ground of reversal unless there has been an abuse of discretion."   The history of the pleadings and motions in the instant case is not dissimilar, substantially, to what took place in the *Clark* case (*supra*), as recited in the opinion of the Supreme Court, and the court there said:

"If, as suggested, plaintiff might not have been prepared with proof to meet the plea in the midst of the trial, he could have secured a continuance, at defendant's cost, to such time as would enable him to secure the testimony.    *    *    *    The defendant did not deny it owned and operated the railroad but it offered to prove that it did not own the velocipede, that it never gave Tollinger permission to run it over its tracks, that it had no knowledge of his doing so, and that he was not in its employ at the time the injury occurred.   By denying leave to file the plea, the only defenses left to it were that Tollinger was not negligent or that the plaintiff was guilty of contributory negligence. Whether the defendant could have proven the defenses it offered to make is immaterial.   If it in good faith sought to make such defenses the ends of justice required that it be permitted to file the plea to enable it to do so."

Considering the reasoning of the court in the *Clark* case (*supra*), and what transpired in the instant case, we are of the opinion that the trial judge erred in denying the defendant leave to file his special plea. See, also, *Ciccarello v. Wilson,* 234 Ill. App. and the *Carlson* case (*supra*).

The judgment, therefore, is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

O'CONNOR, P. J. and THOMSON, J. concur.