**Agnes M. Martin, Plaintiff-Appellee, v. August Kozjak and Rosie Kozjak, Defendants-Appellants.**

Term No. 54-O-2.

Fourth District.

February 1, 1955.

Rehearing denied April 5, 1955.

Released for publication April 21, 1955.

Forth & Forth, of Granite City, for appellants.

Fred P. Schuman, of Granite City, for appellee.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

The plaintiff, Agnes M. Martin, suffered injuries in falling from an outside stairway, used in common by her and a number of other tenants. She brought suit

on the ground of negligence in maintaining the stairway, against the defendants, August and Rosie Kozjak, charging among other things that said defendants "owned and controlled" the building. The trial resulted in a judgment against defendants on a jury verdict in the sum of $3,250, and this appeal followed.

The answer of the defendants admitted ownership and control of the premises. Later, when one of the tenants of the premises, Toni Novak, died, defense counsel discovered that Toni Novak had conveyed the premises to defendants reserving to himself a life estate "with the right to the use and occupancy thereof during such life estate." The deed also contained this provision: "The Grantor agrees to keep the premises in good state of repairs."

Defense counsel attempted to file an amended answer denying ownership and control of the premises by defendants, at the time of the injuries, and an affidavit stating the facts relied upon and explaining the mistake. The plaintiff resisted, and the judge who heard the matter finally ruled against defendants and denied leave to file the amended answer.

When the case came on for trial before another judge, the defense made an offer of proof as to ownership and control, which was rejected in conformity with the previous ruling on the pleadings. The offered evidence, if admitted and if true, would tend to establish a complete defense to the action. The refusal to permit amendment, and the rejection of the offer of proof were asserted as errors in the motion for new trial, and are the principal points argued here.

The affidavit accompanying the motion for leave to amend the answer set forth that the defendants were of foreign descent and did not speak plain English, that the attorney found it hard to understand them and to make them understand him; that a certified copy of the deed to defendants (containing the provisions above

392

mentioned) was attached; that the life tenant, Toni Novak, resided on the premises and appeared to manage them; that the attorney had apprised plaintiff's counsel of the new information "that Toni Novak resided in the building on the premises; owned, managed and controlled the same, and used the rents therefrom until the time of his death"; and that defendants' previous admission of ownership and control was improvidently made through mistake, etc. The offer of proof on the trial tended to support this defense.

 Under the provisions of the Civil Practice Act, Ill. Rev. Stats. ch. 110, sec. 170 [Jones Ill. Stats. Ann. 104.046], amendments are permitted to change the defense, and to amend either in form or substance to enable the defendant to make a defense. It is a settled principle that some discretion is allowed in denying leave to amend where injustice would result. "The manner in which that discretion is exercised is, however, subject to review, and when it is found to have been abused, such abuse constitutes reversible error. It is a discretion that should be liberally exercised in favor of allowing such new pleadings as are essential to the presentation of a party's cause of action or defense." Delfosse v. Kendall, 283 Ill. 301; Carlson v. Johnson, 263 Ill. 556; Hunziker v. Mulcahey, 215 Ill. App. 508.

In support of the trial court's ruling, plaintiff's theory of the case asserts that it would have been unjust to permit the amendment, because new parties defendant could not then be added by reason of the statute of limitations having run against plaintiff's cause of action; and that a plaintiff should be apprised of such a defense at the earliest possible moment "so that the complaint could be amended in time to avoid the Statute of Limitations from running."

The theory may be correct in a proper case, but it does not fit the facts here. This plaintiff's injuries oc-

curred on October 15, 1950 and her complaint was filed March 13, 1952, which was about 17 months later. The complaint was sketchy in form, consisting of eleven short sentences, each numbered as a separate paragraph. A motion attacking the complaint was promptly filed and sustained as to certain paragraphs on June 6, 1952, when there still remained more than four months before the two-year statute of limitations expired.

More than seven months later an amended complaint was filed on January 22, 1953. At that date the period of limitations had already expired by more than three months. The defendants' subsequent answer which admitted ownership and control of the premises had nothing to do with the plaintiff's loss of rights. The right to sue Toni Novak had become subject to the bar of the statute before defendants were required to answer, and before there ever was a sufficient complaint on file. It was already too late to amend the complaint to avoid the statute.

Plaintiff cites Chicago Union Traction Co. v. Jerka, 227 Ill. 95 in which the declaration was traversed by a plea of the general issue. Under the rules of common-law pleading then in use, such a plea did not put in issue the question of ownership of the property involved nor whether the proper party was sued. By the time the case came to trial the two-year limitation had expired and the trial court refused to permit the defense of nonownership which was not included in the pleadings. The ruling was sustained on appeal under the following principle:

"If a plaintiff is afforded timely notice (by defendant pleading non-ownership) the plaintiff will have an opportunity of making an investigation, and if he ascertains that he has sued the wrong party, he may, before the Statute of Limitations becomes a defense, bring his suit against the party that is, in fact, liable." This

paragraph is quoted and followed in Beninghoff v. Futterer, 176 Ill. App. 579 and in Kieshkowski v. Bostrom, 179 Ill. App. 73. A similar result was reached in Mueller v. Hayes, 321 Ill. 275.

The principle thus announced cannot be applied in the case at bar. Nothing that defendants might have done after a proper complaint was filed in this case could have afforded timely notice so that plaintiff could investigate and, before the statute became a defense, bring suit against the party actually liable. In the sense the words are used in the cited cases, there is no such thing as "timely notice" after the time has expired. The difference between the first answer and the amended answer would not deprive plaintiff of her right to sue a third party, her right to sue Novak was just as effectively subject to the bar of the statute when the first answer was filed as when the second was tendered.

Where, under the circumstances of this case, the statute of limitations is not involved, refusal to allow prior to trial an amendment to present an appropriate defense was reversible error. Clark v. Wisconsin Cent. Ry., 261 Ill. 407, cited in the more recent case of Thompson v. The People, 410 Ill. 256, 263.

The circumstances here considered are that plaintiff made a mistake and now seeks to charge the defendants for making the same mistake, even though the action of the latter had no effect on plaintiff's rights against a third party, and with nothing to indicate collusion with such third party. The situation furnishes no just basis for depriving defendants of the right to amend to correct a mistake, which is available under the liberal provisions of our current practice. Of course, the plaintiff must be given her opportunity to controvert the defense, so that the case must be remanded.

The judgment is reversed and the cause remanded with directions to grant the motion for new trial, to

allow the filing of an amended answer, and to proceed in due course from the position of the case when an amended answer was tendered.

Reversed and remanded.

CULBERTSON, P. J. and BARDENS, J., concur.