## Ottillia Dawson, Defendant in Error, v. A. Brom Allen, Plaintiff in Error.

### Gen. No. 20,089.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914.   Reversed and remanded. Opinion filed February 4, 1915.

### Statement of the Case.

Action by Ottillia Dawson against Dr. A. Brom Allen for injury alleged to have been sustained to plaintiff's foot through the carelessness of a dentist engaged in extracting a tooth. From a judgment for $300 in favor of plaintiff, defendant brings error.

Before pulling the tooth, the plaintiff was anæsthetized by the inhalation of nitrous oxide gas administered by a trained nurse in the defendant's office. The whole time during which the plaintiff was in the dentist's chair did not exceed five minutes, and the period of complete unconsciousness (during which the tooth was extracted) did not exceed forty seconds. The plaintiff did not claim there was anything wrong with the operation itself or the administration of the anæsthetic. Her claim was that her foot was injured at that time. She testified that before the operation her foot was in perfect condition; that immediately after the operation, she felt a sharp pain in her left foot, and cried out: "Oh, my foot"; that defendant said: "Your foot is all right; get up and walk"; that she walked into an adjoining room, where she rested a few minutes on a couch, and then left the doctor's office, suffering great pain. This happened about noon time. She went about her usual duties during the afternoon, but the pain in her foot continued. On arriving at her home she removed her shoe and discov-

ered a bruise on the instep, about in line with the buttons of the shoe, and about the size of a silver dollar. A doctor was called, who prescribed hot applications and bandages. She claimed she was unable to perform her usual work, that of a school teacher, for a period of six weeks, and expended $27 for doctor's bills and medicine. The defendant and his assistant both testified that nothing happened while the plaintiff was in the chair that could have caused the injury described by her.

In the argument to the jury, plaintiff's counsel said: "We do not, I contend, have to go further than to show that this accident happened at that place. It happened in her helpless condition. *It was something that would not ordinarily happen in a dentist's chair, and that is all we have to show;* it is all we can show, it is all you or anybody else can show under the same circumstances."

H. L. HOWARD, for plaintiff in error.

CHARLES W. LAMBORN, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. `PHYSICIANS AND SURGEONS, § 14*—*care required of.* Physicians, surgeons and dentists are responsible only for the failure to exercise such reasonable care and skill as those in good practice ordinarily use.

2. DENTISTS, § 3*—*what constitutes negligence of.* Where a dentist gives an anæsthetic to his patient for the purpose of extracting a tooth, the dentist is not an insurer against all possible injuries or accidents, and a presumption of negligence on the part of the dentist does not arise from proof of the mere fact that plaintiff without her fault sustained an injury of unusual character while she was in the care and control of the dentist.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. DENTISTS, § 3*—*instruction as to presumption of negligence.* In an action for an injury to plaintiff's foot alleged to have been sustained while under the care of a dentist, an instruction to the jury that if they believe from the evidence that plaintiff was hurt without fault on her part while she was under the control of defendant and her injury was of such a nature as would not happen in the ordinary course of things under such circumstances, then the jury have a right to presume that the injury was caused by defendant's negligence and that the burden is upon the defendant to overcome that presumption, *held* erroneous since it is necessary to show that the injury is of such a character that it would not ordinarily occur *if due care is used.*

4. DENTISTS, § 3*—*when doctrine of res ipsa loquitur applies.* The doctrine of *res ipsa loquitur* can only be properly invoked where there is some evidence tending to prove that an injury complained of was caused by something under the defendant's control.

5. DENTISTS, § 3*—*necessity of control of cause of injury.* Where it was admitted that there was no evidence from which to deduce any theory of what actually caused an injury to plaintiff's foot alleged to have been sustained, it was erroneous for the court to assume by its instructions that the injury was caused by something under defendant's control while plaintiff was under his care for the purpose of extracting a tooth, since it might have been caused by pure accident or by something not at all within the control of the dentist, the cause of the injury being a question of fact and one of the main issues in the case.

6. DENTISTS, § 3*—*necessity of control of cause of injury before presumption of negligence may arise.* In an action for injury to plaintiff's foot while she was in a dental chair, remarks of counsel voicing the theory that if she was hurt without fault on her part while under the care of defendant, and her injury was of such a nature as would not happen in the ordinary course of things under such circumstances, the jury had a right to presume that the injury was caused by defendant's negligence, placing the burden on defendant to overcome the presumption of negligence, *held* prejudicially erroneous in assuming the cause was within defendant's control.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.