## Katherine I. Blade, Appellee, v. Site of Fort Dearborn Building Corporation et al., Appellants.

## Gen. No. 31,530.

1. BUILDINGS AND BUILDING RESTRICTIONS—*applicability of res ipsa loquitur to charge of builder's negligence.* A declaration for personal injury from negligent building construction must charge the negligence generally to make the doctrine of *res ipsa loquitur* applicable.

2. BUILDINGS AND BUILDING RESTRICTIONS—*charging results of negligent construction as not specifying wherein negligent.* A declaration for personal injury by building construction negligence, which does not state how the instrumentality of the injury was negligently constructed, even though stating results thereof, charges negligence with sufficient generality to apply the doctrine of *res ipsa loquitur.*

3. BUILDINGS AND BUILDING RESTRICTIONS—*necessity of special plea to deny builder's control of structure causing injury.* In an action for personal injury from negligent building construction, the control by defendants of the structure causing the injury is deemed admitted unless denied by special plea.

4. BUILDINGS AND BUILDING RESTRICTIONS—*error of refusing builder's plea of not controlling injurious structure.* In an action for personal injury from negligent building construction, it was abuse of discretion

for the court to refuse defendants permission to file a plea denying their control of the scaffolding by which plaintiff was injured, which plea would not apparently prejudice plaintiff and was defendants' main defense.

5. BUILDINGS AND BUILDING RESTRICTIONS—*general issue as denial of building injurious structure.* In an action for personal injury from building construction negligence, a plea of the general issue is broad enough to cover a denial that the defendants constructed the instrumentality of plaintiff's injury.

6. BUILDINGS AND BUILDING RESTRICTIONS—*how builders should plead they were not jointly liable for injurious structure.* In an action for personal injury from negligent building construction, the general issue is the proper plea to a charge of joint liability by builders not guilty thereof.

7. BUILDINGS AND BUILDING RESTRICTIONS—*defendants' exclusive control of injurious structure as precedent to application of res ipsa loquitur.* A declaration for personal injury from negligent building construction, which shows that the cause of the injury was not under the exclusive control of the defendants makes inapplicable the doctrine of *res ipsa loquitur.*

8. BUILDINGS AND BUILDING RESTRICTIONS—*admissibility of evidence to show defendants not jointly liable for injurious structure.* In an action for personal injuries from negligent building construction, evidence showing that servants of some defendants were acting for independent contractors, though offered for other purposes, should have been admitted to show the defendants were not jointly liable for the instrumentality of plaintiff's injury, under their special plea that they were not in control of the lumber used in such instrumentality.

Appeal by defendants from the Superior Court of Cook county; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1926. Reversed and remanded. Opinion filed October 4, 1927.

P. L. McARDLE, MAX F. ALLABEN and KIRKLAND, PATTERSON & FLEMING, for appellants; WEYMOUTH KIRKLAND and WILLIAM H. SYMMES, of counsel.

CLARENCE S. DARROW and WILLIAM H. HOLLY, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is an appeal from a judgment for $25,000 for injuries received by plaintiff from being struck, while

on the street, by a plank or board which she alleged and claimed fell from the scaffolding of a building, known as the London Guarantee & Accident Building, then in process of construction.

The case was submitted to the jury on the first two counts of the amended declaration. Two other counts were dismissed on plaintiff's motion before the case was so submitted. They named additional defendants who were never served and were dismissed out of the case on the day of the trial. The third count set up the relationship of the several defendants, designating two of appellants as stone contractors on the building and one of them as subcontractor, and the two dismissed defendants as subcontractors on the work involving the construction and use of said scaffolding.

Appellants pleaded the general issue and a special plea denying possession or ownership of, or handling the board or plank causing the injury, and later were denied leave to file an additional special plea denying that plaintiff constructed, used or had possession or control of the scaffolding.

Plaintiff relied on the doctrine of *res ipsa loquitur*. Appellants contend that the doctrine is not applicable either under the pleading or proof, not under the former because there are specific allegations of negligence in the declaration, and not under the latter because it is not shown that defendants had exclusive control of the instrumentality which caused the injury.

In arguing these points appellants relied in part upon the allegations in the two counts that were dismissed. But the first point must be tested by the two counts on which the case was submitted, and the second, by the proof. There was proof, however, and rejected offers of proof, tending to show either divided responsibility or that some of the defendants had no control of said scaffolding or timbers.

Plaintiff having proceeded in the case on the theory of presumptive negligence under the doctrine of *res*

*ipsa loquitur,* the first question arising is whether the declaration charges negligence generally or seeks recovery on specific acts of negligence. It is unquestioned that to apply the doctrine the charge must be of general negligence, but if specific, it cannot be availed of upon the trial. (*Crawford v. Chicago Union Traction Co.,* 137 Ill. App. 163, and cases there cited.)

The first amended count charges that defendants were engaged in the construction of a building on land adjoining certain highways in the city of Chicago, namely River street and Michigan boulevard, and in the course of such construction "had constructed certain scaffolding upon such building," a part of which scaffolding projected into and over said boulevard and said street, "and so carelessly and negligently constructed said scaffolding so that the timbers thereof were loose and insecurely fastened, by reason whereof certain of the timbers thereof then and there became unfastened from said scaffolding, and fell from said scaffolding to and upon the street there," striking the plaintiff and causing the injuries complained of.

The second count charges construction of the scaffolding in substantially the same language and adds as the ground of negligence that defendants carelessly and negligently permitted it to become and remain in bad and unsafe repair and condition, so that the timbers thereof were loose and insecurely fastened, by reason whereof, etc., as alleged in the first count.

It is difficult to see how the character of the negligence could be stated more generally with respect to the instrumentality complained of than is done in these two counts. The gist of the first count is negligent construction of the scaffolding, and does not attempt to specify in what particular or particulars. Stating the resultant conditions that the timbers became loose and insecurely fastened, or the consequence that certain of them fell, does not disclose in what respect there was negligent construction, nor in what par-

ticular it needed repair to render the construction safe. No one could tell from the allegations in what particular the construction was defective or negligently made, or, if not, in what particular it needed repair to render it safe. We think, therefore, that the charge of negligence is sufficiently general to state a case of presumptive negligence and so one within the doctrine of *res ipsa loquitur,* if such instrumentality or scaffolding was under the control of the defendants against whom judgment was rendered, which under the ruling in *Chicago Union Traction Co. v. Jerka,* 227 Ill. 95, and subsequent cases, would be deemed admitted unless denied by a special plea.

Defendants pleaded not only the general issue but a special plea that "they, or either of them, were not possessed of, or handling the *timber* mentioned in plaintiff's declaration," and that said *plank* "was not the property of said defendants, or any or either of them, nor was said *plank* used or handled by said defendants, or any of them," or by their servants, etc. The court held that neither plea denied the construction of the *scaffolding* by defendants, and that under said rule its construction by them was expressly admitted. If the allegation that defendants constructed the scaffolding be deemed one indicating the character and capacity in which they were sued, or as involving possession or control of it, the rule might be technically applicable. But as the question of its applicability is at best uncertain and arose at the time of making the opening statements to the jury and was then passed on adversely to defendants' construction of the pleadings, and counsel for defendants then asked leave to file a further plea stating specifically that they, or any or either of them, did not construct or use any *scaffolding* as is alleged in plaintiff's declaration, and were not in possession or control of any such scaffolding, and as denial of such leave operated under the court's rulings to deprive defendants of their main defense,

namely, that they did not construct the scaffolding, or have possession or control thereof, and as it is not apparent that plaintiff would have been prejudiced by granting such leave, we think it was an abuse of discretion to deny the leave asked. It was so held under very similar circumstances in *Clark v. Wisconsin Cent. Ry. Co.,* 261 Ill. 407, 412, and *Carlson v. Johnson,* 263 Ill. 556, 562. Defendants manifestly undertook to come within the rule laid down in the *Jerka* case, by denying in the special plea on file that they were possessed of or handled the timbers in question or that they were the property of defendants. If they did not possess, own or handle the timber, plank or board, alleged to have struck plaintiff, it would be a legitimate inference that they did not possess, own or handle the scaffolding from which the timber is alleged to have fallen.

We think, too, the denial of "negligent construction" under the plea of general issue was broad enough to deny the alleged construction of the scaffolding. The distinction made by the court's ruling was at least so narrow as to justify a more liberal ruling in the interests of justice. As said with respect to a like ruling in the *Carlson* case, *supra,* "The discretion of the court should be exercised in furtherance of justice, and not in such a way as to cut off substantial rights of parties who have not been guilty of some improper conduct." (563.)

We have held, too, that where the charge is joint liability the proper plea for those not guilty is the general issue, and that it is unreasonable to stretch the rule in the *Jerka* case to include the charge of joint liability. (*McHale v. McQuigg,* 236 Ill. App. 295, 299.)

In the third count dismissed at the close of all the evidence and after defendants had moved for a directed verdict, it was alleged that defendant, Site of Fort Dearborn Building Corporation, had entered into a

contract with two other defendant corporations to erect said building, and that they sublet the contract for cutting the stone for said building and that the scaffolding was used for said stone. If these allegations were true the case was not one to which the doctrine of *res ipsa loquitur* could be applied. It is necessary for the application of that doctrine that the defendants' control of the immediate cause of the injury be exclusive (*Hart v. Washington Park Club,* 157 Ill. 9; *Bjornson v. Saccone,* 88 Ill. App. 6), and it cannot be invoked without some evidence tending to prove that the injury complained of was caused by some one under defendants' control (*Dawson v. Allen,* 191 Ill. App. 399); nor where there is divided responsibility. (*Laurent v. United Fuel Gas Co.,* 101 W. Va. 499, 133 S. E. 116.) While it cannot be said in view of the dismissal of the third count that plaintiff is bound by the allegations therein inconsistent with the exclusive control of the scaffolding or instrumentality which caused the injury, nevertheless the fact of control was put in issue by the special plea that defendants were not possessed of or handled the timber, etc. It was error therefore to reject offers of proof by defendants to show that one of the witnesses "was a carpenter foreman for one of the defendants who was one of the contractors"; and that another witness was the superintendent of construction for defendant George B. Archer "who had a stone setting contract for the construction of the London Guarantee & Accident Building." In fact there was some evidence tending to show a relationship inconsistent with joint control of the construction. One witness testified that he was the superintendent of construction on the date in question for one of the defendants, Dwight P. Robinson & Company (designated as a contractor on the building in the third count). While these offers were made in connection with an offer to prove either the nonuse of scaffolding in the stone work or the loca-

tion of the scaffolding on a different part of the building than alleged in the declaration or as testified to by plaintiff's witnesses, yet proof tending to show the relationship of some of the defendants as contractors or subcontractors in the construction involving the use of scaffolding on the building was at least material so far as it tended to show that all of the defendants were not in control of the instrumentality causing the injury, and not jointly liable.

Regardless, therefore, of whether the court correctly applied the rule of pleading laid down in the *Jerka* case, or whether it abused its discretion in denying leave to file the additional special plea, it was certainly error to exclude evidence tending to rebut presumptive negligence on the part of all the defendants, and tending to show they were not jointly liable.

One of the defenses defendants undertook to prove was that the accident was due to *vis major*. The evidence as to the character of the windstorm at the time of the accident was conflicting, defendants claiming it was extraordinary and unusual, and plaintiff that it was ordinary and such as might be anticipated in that locality. Defendants offered proof of wreckage by the storm in other parts of the city, one place about three blocks from the scene of the accident. The proof was rejected. It is doubtful whether the offers were sufficiently complete in any event to show that the windstorm in the other isolated parts of the city came within the description of *vis major,* or that the offered proof had a legitimate tendency to show the character of the windstorm at the place of the accident.

But in view of the conclusions we have already reached requiring reversal of the judgment, it is unnecessary to consider these offers in detail or other alleged errors. The judgment must be reversed and the cause remanded.

*Reversed and remanded.*

GRIDLEY and WELLS, JJ., concur.